250 F.2d 211
 Anna LADA and Martha Hein, by Eugene Wengert, their attorney in fact, Appellants,
v.
Charlie WILKIE, a single person, William W. Eichhorst and Eileen Eichhorst, his wife, Western Surety Company, a corporation, and Lario Oil and Gas Company, a corporation, and H. R. Talkington and Madge Talkington, his wife, Appellees.
 No. 15812.
 United States Court of Appeals Eighth Circuit.
 December 18, 1957.
 
 Martin J. Torphy, Milwaukee, Wis., for appellants.
 Ward M. Kirby, Dickinson, N. D. (Mackoff, Kellogg, Muggli & Kirby, Dickinson, N. D., were on the brief), for appellees Charlie Wilkie, William W. Eichhorst and Eileen Eichhorst, his wife, and Western Surety Co.
 Before SANBORN, JOHNSEN, and VOGEL, Circuit Judges.
 SANBORN, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court dismissing the complaint of the plaintiffs (appellants) upon the grounds "that this [District] Court is without jurisdiction to grant a part of the relief demanded in the Complaint" and "that plaintiffs have failed to state a claim upon which relief can be granted (having failed to allege performance of conditions precedent to their right to recover, as required by Rule 9(c), Federal Rules of Civil Procedure [28 U.S.C. A.])."
 
 
 2
 Broadly stated, the question for review is whether the complaint presented any issues of fact or of law which entitled the plaintiffs to a trial. Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583. In that case this Court said (at pages 586-587):
 
 
 3
 "This Court has repeatedly said that a motion to dismiss a complaint should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Leimer v. State Mut. Life Assur. Co., supra [8 Cir., 108 F.2d 302], at page 306 of 108 F.2d; Sparks v. England, 8 Cir., 113 F.2d 579, 581, 582; Cohen v. United States, 8 Cir., 129 F. 2d 733, 736; Louisiana Farmers' Protective Union, Inc., v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419, 423, 424; Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108.
 
 
 4
 "Rule 22(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that actions brought under § 24(26) of the Judicial Code as amended, Title 28 U.S.C.A. § 41(26), shall be conducted in accordance with those Rules. The Federal Rules of Civil Procedure do not sanction the disposition of doubtful issues of fact or law upon motions to dismiss for insufficiency of pleadings. The Rules contemplate a determination of all such issues by the trial court after a hearing, and that the trial court shall make findings of fact and conclusions of law, to the end that the parties to the litigation and the reviewing court may know the exact factual and legal basis for the trial court's decision. This, of course, does not mean that if it is certain that a plaintiff has no claim which entitles him to relief, the District Court is obliged to hold a trial. If it clearly appears from a complaint that a trial of the claim asserted will be futile, the court is not required to proceed further. * * *"
 
 
 5
 In Sparks v. England, 8 Cir., 113 F. 2d 579, 581-582, we said:
 
 
 6
 "* * * This Court has consistently disapproved of the practice of terminating litigation, believed to be without merit, by the dismissal of complaints for informality or insufficiency of statement. See Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, 305. If it is conceivable that, under the allegations of his complaint, a plaintiff can, upon a trial, establish a case which would entitle him to the relief prayed for, a motion to dismiss for insufficiency of statement ought not to be granted. See and compare Donnelly Garment Co. v. International Ladies' Garment Workers' Union, 8 Cir., 99 F.2d 309, 312; Leimer v. State Mutual Life Assurance Co., supra."
 
 
 7
 See, also, Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411, 412-413 and cases cited.
 
 
 8
 In United States v. Duggan, 8 Cir., 210 F.2d 926, 933, it was said:
 
 
 9
 "* * * Complicated and doubtful issues of fact and law can seldom be satisfactorily determined by dismissing a pleading for insufficiency of statement."
 
 
 10
 See, also Kingwood Oil Co. v. Bell, 7 Cir., 204 F.2d 8, 13, and Rennie & Laughlin, Inc. v. Chrysler Corporation, 9 Cir., 242 F.2d 208, 213.
 
 
 11
 The instant case is obviously one which should not have been disposed of by a dismissal of the complaint for insufficiency of statement or of the prayer for relief. We are satisfied that it would not have been so disposed of had counsel taken the pains to call to the attention of the District Court the many cases in this and other federal appellate courts in which cases orders of dismissal were disapproved and set aside, and the cases remanded for trial.
 
 
 12
 In substance, the complaint shows: That the plaintiffs are residents and citizens of Germany, and heirs at law or legatees of Edward Josucks, deceased, who, prior to his death, was a resident of Billings County, North Dakota, and the owner of lands and personal property located in that County; that the defendant Wilkie is a resident and citizen of Billings County, North Dakota; that the defendants Eichhorst and the defendants Talkington are residents and citizens of North Dakota who have acquired interests in the Edward Josucks lands from Wilkie; that the Lario Oil and Gas Company, a Kansas corporation, has an oil lease from Wilkie, the Eichhorsts and the Talkingtons on the Josucks lands; that the defendant Western Surety Company on September 7, 1951, issued a surety bond guaranteeing the fidelity of Charlie Wilkie, who on that day was appointed administrator of the estate of Edward Josucks, deceased, by the County Court of Billings County, North Dakota; that Wilkie, as administrator, inventoried certain lands and personal property of Josucks described in the complaint; that the inventory was fraudulent in that not all of the Josucks property was listed; that the defendant William W. Eichhorst was the attorney for Wilkie and knew the facts concerning the ownership and amount of property of the Josucks estate; that Eichhorst, on or about September 10, 1951, with the knowledge and at the solicitation of Wilkie, with intent to deceive and defraud the plaintiffs, and without informing them of the extent of the property of Josucks, deceased, and before any inventory was filed in the probate proceedings in the County Court of Billings County, falsely represented that Wilkie, who in fact had no interest in the property of the estate, was the joint owner with Edward Josucks of all the property of which Josucks died seized, and that Wilkie had a claim to one-half of the estate and would pay the plaintiffs $20,000 for their entire interest in the estate; that Eichhorst stated to them that the offer was a liberal one, and advised them to take it; that the plaintiffs, being foreigners and ignorant of the true facts, were induced by these false representations, made to them, to execute "Waivers of Notice of all Hearings, Assignments of Interest in the estate of Edward Josucks and Quit Claim Deeds to the real estate of said deceased," which waivers, assignments, and quitclaim deeds had been sent to them by Eichhorst; that, in reliance on his false representations, the plaintiffs accepted the $20,000 for the assignment to Wilkie of the estate; that that amount was much less than the estate was worth; that Eichhorst and Wilkie fraudulently failed to inform the plaintiffs that oil had been discovered in the vicinity of the Josucks land; that Eichhorst and Wilkie, after letters of administration had been issued to Wilkie by the County Court, filed with that court what purported to be the Last Will of Edward Josucks; that no notice of the filing of the Will was given "to the half blood heirs of said Edward Josucks"; that Wilkie and Eichhorst thereafter continued to carry on the probate proceedings as if Josucks had died intestate; that after the Assignments of Interest and the Quit Claim Deeds had been fraudulently obtained from the plaintiffs, Wilkie conveyed by deed to the Eichhorsts a 1/16th interest in all oil, gas and minerals on the Josucks lands; that the deed was recorded May 15, 1952; that the Talkingtons, with the knowledge of the wrongdoing of Wilkie and the Eichhorsts, accepted on July 3, 1952, from the Eichhorsts a deed for a 1/16th interest in the mineral rights in the Josucks lands, and later accepted a warranty deed from Wilkie, dated May 9, 1953, to all of the lands; that the assets of the estate of Josucks which came into the hands of Wilkie, as administrator, were converted by him to his own use and were neither inventoried nor accounted for in the probate proceedings in the County Court; that the plaintiffs were not instructed by Wilkie and Eichhorst as to the contents, meaning and legal consequences of the instruments of conveyance they were fraudulently induced to sign; that they were given no translation of the instruments, were unfamiliar with the English language and the "American Law", and that the instruments are void under the laws of the United States and of the State of North Dakota.
 
 
 13
 The plaintiffs prayed for judgment as follows:
 
 
 14
 "1. That the conveyance to William W. Eichhorst and Charlie Wilkie be adjudged to be fraudulent and void and of no effect as against these plaintiffs and that they, the said William W. Eichhorst and Eileen Eichhorst, his wife, and Charlie Wilkie, be compelled to make restitution to these plaintiffs.
 
 
 15
 "2. That the conveyance to H. R. Talkington and Madge Talkington, his wife, be adjudged to be fraudulent and void and of no effect as against these plaintiffs and that they, the said H. R. Talkington and Madge Talkington, his wife, be compelled to make restitution to these plaintiffs.
 
 
 16
 "3. That the proceedings in the County Court be vacated. That the Court determine whether or not said Will on file therein is a valid will.
 
 
 17
 "That the said administrator be removed as said administrator and be made to account to these plaintiffs for all property belonging to the estate of Edward Josucks and that he pay a reasonable amount as and for the use of said property since the death of Edward Josucks.
 
 
 18
 "4. That the rent money under the lease with Lario Oil and Gas Company be paid to the plaintiffs named herein.
 
 
 19
 "5. For such damages sustained by the above named plaintiffs by reason of the acts of Charlie Wilkie and William W. Eichhorst and Eileen Eichhorst, his wife, and H. R. Talkington and Madge Talkington, his wife, against them and the Western Surety Company.
 
 
 20
 "6. That Charlie Wilkie, William W. Eichhorst and Eileen Eichhorst, his wife, and H. R. Talkington and Madge Talkington, his wife, pay for costs and disbursements and for attorneys fees in this action.
 
 
 21
 "7. For such other and further relief as the Court may deem just and proper and equitable in the premises."
 
 
 22
 The plaintiffs' complaint is not a clear, concise and definite statement of their claim. As the District Court ruled, part of the relief which they demanded the court could not possibly grant. The question, however, was not whether all of the relief asked for by the plaintiffs could be granted, but whether, under any state of facts which might be established at a trial in support of the claim stated in the complaint, they could be accorded any relief.
 
 
 23
 Assuming, as we must, for the purposes of this case, that the facts stated in the complaint are true, we think that the District Court would not be powerless to do anything toward righting such wrongs as those of which the plaintiffs complain. If, as might be inferred from the facts alleged in the plaintiffs' complaint, viewed in the light most favorable to them, the defendants Wilkie and Eichhorst bore to them a relation of trust and confidence, whatever those defendants, or either of them, acquired in the way of gains, profits or property out of the estate of Edward Josucks, deceased, exceeding in amount or value the $20,000 which had been paid to the plaintiffs for the estate, would have to be accounted for by those defendants and would in equity belong to the plaintiffs under the principles upon which this Court relied in Trice v. Comstock, 8 Cir., 121 F. 620, 622, and Johnson v. Umsted, 8 Cir., 64 F.2d 316, 320-321, 324, and which are applicable generally to those who take advantage of a fiduciary relationship to acquire the property of others to whom they owe a duty of fidelity. See cases cited on page 320 of 64 F.2d. See, also, Shell Petroleum Corp. v. Pratt, D.C.Kan., 22 F.Supp. 304, 308 and cases cited.
 
 
 24
 The plaintiffs' claim may, at a trial on the merits, prove to be groundless, but, as was said by Mr. Justice Brandeis in Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51-52, 58 S.Ct. 459, 464, 82 L.Ed. 638, "Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact."
 
 
 25
 The order appealed from is reversed, and the case is remanded with directions to reinstate the plaintiffs' complaint and to try the case on the merits.
 
 
 26
 Reversed and remanded.