Marvin THOMASON, Appellant,

v.

HOSPITAL T. V. RENTALS, INC., a corporation, Appellee.

No. 16300.

United States Court of Appeals Eighth Circuit.

Dec. 16, 1959.

Charles V. Garnett, Kansas City, Mo., for appellant.

William W. Cochrane, Kansas City, Mo., for appellee.

Before SANBORN, VAN OOSTER-HOUT and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court dismissing the amended complaint of the plaintiff (appellant) upon the ground that it failed to state a claim upon which relief could be granted.

The question for decision is whether it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. Lada v. Wilkie, 8 Cir., 250 F.2d 211, 212–213 and cases cited; Conley v. Gibson, 355 U.S. 41, 45–48, 78 S.Ct. 99, 2 L.Ed.2d 80.

The amended complaint alleged: That the action is based on 15 U.S.C.A. § 15, which gives to any person "injured in his business or property by reason of anything forbidden in the antitrust laws" the right to sue therefor in a district court of the United States in the district in which the defendant resides or is found or has an agent, regardless of the amount in controversy, and to recover treble damages; that the plaintiff is a resident of the State of Missouri, and

maintains a place of business in Kansas City, Kansas; that the defendant (appellee) is a Colorado corporation having a place of business in Kansas City, Missouri; that the plaintiff is and has been engaged in the business of renting, leasing and servicing television and radio receiving sets to persons receiving medical care in hospitals and infirmaries in Kansas City, Missouri, and Wyandotte and Johnson Counties, Kansas; that the defendant is engaged in the same line of business in the same general area; that prior to November 20, 1958, the defendant made a contract with St. Luke's Hospital in Kansas City, Missouri, whereby the defendant and the hospital undertook to agree that none of the patients in the hospital would be permitted to lease a television or radio receiving set except from defendant, and that the hospital would not allow any such sets upon its premises except those owned by the defendant or by the individual patients; that the defendant also, before November 20, 1958, entered into similar contracts with Bethany Hospital and Kansas University Medical Center, both of which are located in Wyandotte County, Kansas; that the contracts were, and are, an unreasonable restraint of trade within the meaning of the antitrust laws of the United States in that they tend to create and do create a monopoly wherein and whereby the defendant is enabled to exclude the plaintiff and others from renting television and radio receiving sets to patients who are receiving hospital care; that plaintiff's television and radio receiving sets move in interstate commerce in fulfilling rental contracts with hospital patients in Missouri; that more than 75% of plaintiff's rental business, at the time of the acts complained of, was transacted with patients confined in Missouri hospitals, and that such business moved in interstate commerce from Kansas to Missouri; that defendant, prior to November 20, 1958, entered into a conspiracy with others to monopolize the business of renting television and radio receiving sets to members of the public confined in St. Luke's Hospital, Bethany Hospital, and Kansas University Medical Center, and thereby unduly and unreasonably to restrain trade or commerce in the distribution and rental of such instruments to all such members of the general public, in violation of the antitrust laws of the United States; that the defendant, in furtherance of its design and purpose, caused St. Luke's Hospital to notify the plaintiff of its contract with the defendant and to cease renting television or radio sets to patients; that Bethany Hospital and Kansas University Medical Center have each refused to permit plaintiff to contract with patients for the rental of such sets; that the acts of the defendant and its contracts with the hospitals are in restraint of trade and constitute a monopoly and an attempt to monopolize, depriving plaintiff of a substantial part of his market for his television and radio receiving sets, rendering his business unprofitable, and depriving him of profits, to his damage in the total sum of $25,000.

The amended complaint, in Count One, prays for treble damages, and, in Count Two, for injunctive relief to prevent the defendant from carrying out, or continuing in force, the contracts already made with St. Luke's Hospital, Bethany Hospital, and Kansas University Medical Center, and from entering into or carrying out any other contracts or conspiracies intended to monopolize the rental market for television or radio receiving sets or to exclude the plaintiff therefrom.

The defendant, in its motion to dismiss the amended complaint, asserted:

"1. The complaint fails to state a claim against defendant upon which relief can be granted.

"2. The complaint fails to allege facts showing involvement of interstate commerce or any effect thereon.

"3. The complaint fails to allege facts showing either restraint of trade in interstate commerce or injury to the public."

The District Court, in sustaining the motion, said:

266

"It is the opinion of the court that the court must sustain said motion for two reasons. First, that the hospitals mentioned in the complaint have a right to make such contracts as they desire for the supplying of materials to the institutions or the patients located therein. Second, that the allegations of the complaint do not constitute a restraint of trade within the meaning of the statute."

■ We are of the opinion that the District Court erred in attempting to dispose of this litigation by dismissing plaintiff's amended complaint.

Whether the hospitals referred to in the amended complaint are charitable institutions having an unrestricted right to enter into exclusive contracts with the defendant, whether the plaintiff in the carrying on of its business is engaged in interstate commerce, whether the contracts complained of are in restraint of trade or commerce within the meaning of the antitrust laws of the United States, and whether the plaintiff has been injured by the acts of the defendant or is entitled to any relief, we regard as factual issues.

■ The attitude of this Court toward attempts to terminate litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement has been adequately stated in Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583, 586–587, and restated in Lada v. Wilkie, supra, at pages 212–213 of 250 F.2d. No matter how reasonably it may be surmised or predicted that a plaintiff will be unable to establish on a trial the claim stated in his complaint or to obtain any relief, he is, nevertheless, entitled to make the attempt unless it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to any relief. Conley v. Gibson, supra, at pages 45–48 of 355 U.S., at pages 101–103 of 78 S.Ct.

As this Court said in Lada v. Wilkie, supra, at page 215 of 250 F.2d:

"The plaintiffs' claim may, at a trial on the merits, prove to be groundless, but, as was said by Mr. Justice Brandeis in Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 51–52, 58 S.Ct. 459, 464, 82 L.Ed. 638, 'Lawsuits also often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.' "

The order appealed from is reversed and the case is remanded with directions to reinstate the plaintiff's amended complaint and to try the case on the merits.