410 F.2d 650
 The GREAT ATLANTIC & PACIFIC TEA COMPANY, Inc., National Food Stores, Inc., and the Kroger Co., Appellants,
v.
AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, LOCAL UNION NO. 88, AFL-CIO, and It's Affiliate, Appellees.
 No. 19328.
 United States Court of Appeals Eighth Circuit.
 May 14, 1969.
 
 J. Terrell Vaughan, of Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for appellants, Walter M. Clark and Fred Leicht, Jr., on the brief.
 Benjamin L. Jacobson, of Asher, Greenfield, Gubbins & Segall, Chicago, Ill., for appellees, Lester Asher, Chicago, Ill., and Harry H. Craig, of Wiley, Craig, Armbruster & Wilburn, St. Louis, Mo., on the brief.
 Before MATTHES, MEHAFFY and LAY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's order dismissing appellants' complaint for failure to state a claim on which relief could be granted.
 
 
 2
 Appellants, which operate retail food stores (supermarkets) in the St. Louis area, filed an amended 2-count complaint on August 19, 1967, against Amalgamated Meat Cutters and Butcher Workmen of North America (International) and its St. Louis affiliate, Local Union No. 88, appellees. Appellants in Count I sought a declaratory judgment that Art. 5(b) of their separate collective bargaining agreements with Local constituted an unreasonable burden upon the free flow of commerce in violation of Section 1 of the Sherman Act, and that such provision was null and void. In the alternative they alleged in Count II that appellees had violated § 303 of the Labor Management Relations Act, 29 U.S.C. § 187, by forcing and coercing appellants to agree to Art. 5(b). They sought damages in the amount of $300,000.
 
 
 3
 The complaint averred in part that by reason of Art. 5(b), which is fully reproduced in the district court's opinion reported at 44 F.R.D. 362 (E.D.Mo.1968), all fresh or frozen fish, poultry, meat and similar products must be cut, weighed, sliced and wrapped on the premises of appellants, except those articles that were prepared and packaged off the premises prior to October 2, 1950. Appellants claimed it is impossible for them to engage in the processes stated in Art. 5(b) on their store premises, and as a consequence they are prohibited from handling and selling approximately 150 name brand articles, specifically listed in an exhibit attached to the complaint. It is further alleged that appellants are prevented from engaging in competition with other retail stores and supermarkets immediately outside the area affected by Art. 5(b).
 
 
 4
 The single, narrow question we must decide is whether, as the court below held, the complaint is fatally lacking in allegations sufficient to state a claim for relief.
 
 
 5
 In view of the Federal Rules of Civil Procedure, generally, and specifically 8(a) (2), 8(e) (1) and 8(f), the Supreme Court has held that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The salutary principle has been repeated and emphasized in Arthur H. Richland Co. v. Harper, 302 F.2d 324, 325 (5th Cir. 1962); United States v. White County Bridge Comm'n, 275 F.2d 529, 535 (7th Cir.), cert. denied sub nom. Clippinger v. United States, 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960); Thomason v. Hospital T.V. Rentals, Inc., 272 F.2d 263, 266 (8th Cir. 1959); Lada v. Wilkie, 250 F.2d 211, 212-213 (8th Cir. 1957). See also IA Barron & Holtzoff, Federal Practice and Procedure § 255 Rules ed. 1960); C. Wright, Federal Courts § 68 (1963).
 
 
 6
 It is established doctrine that a pleader is not required to set forth specific facts to support its general allegations, Conley v. Gibson, supra; Austin v. House of Vision, Inc., 385 F.2d 171 (7th Cir. 1967); Arthur H. Richland Co. v. Harper, supra, and pleadings are to be construed liberally in favor of the pleader, Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); DeWitt v. Pail, 366 F.2d 682, 685 (9th Cir. 1966); United States v. White County Bridge Comm'n, supra; Local 33, International Hod Carriers, etc. v. Mason Tenders Dist. Council, 291 F.2d 496, 502 (2d Cir. 1961).
 
 
 7
 The philosophy and intent of the Federal Rules concerning pleadings is authoritatively explained by the Supreme Court in Conley, supra, at 47-48, 78 S.Ct. at 103:
 
 
 8
 "[A]ll the Rules require is `a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified `notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that `all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately sets forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."
 
 
 9
 We note, too, that the courts are especially reluctant to dismiss a complaint for failure to state a claim in the rapidly developing antitrust area. Austin v. House of Vision, supra at 172; Bales v. Kansas City Star Co., 336 F.2d 439 (8th Cir. 1964); Thomason v. Hospital T.V. Rentals, Inc., supra; Cf. Fortner Enterprises v. United States Steel Corp., 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969);[1] White Motor Co. v. United States, 372 U.S. 253, 259, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963).
 
 
 10
 We are not unmindful that §§ 6 (15 U.S.C. § 17) and 20 of the Clayton Act (29 U.S.C. § 52) and §§ 4 (29 U.S.C. § 104) and 13(c) (29 U.S.C. § 113(c)) of the Norris-La Guardia Act generally exempt legitimate union activity from the provisions of the antitrust laws. But when unions combine with business men or venture outside legitimate union interests they also step outside the boundary of exemption. United Mine Workers of America v. Pennington, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965); Allen Bradley v. Local Union No. 3, IEW, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939 (1945).
 
 
 11
 We forego a detailed discussion of the allegations contained in the 18-paragraph complaint. The allegations have been scrutinized with a critical eye. Viewed in context and in light of the liberal pleading requirements as enunciated in the cases cited above, we cannot escape the conclusion that the allegations were sufficient to state a claim for relief. We cannot say with any assurance that it appears beyond doubt that the appellants could not under any circumstances prove a case. Appellants may not prevail on the merits but this is not the issue here. As this court stated in Bales v. Kansas City Star Co., supra, at 443, "What is now before us is, of course, simply `a pleading case'." The Supreme Court articulated the same principle in this language:
 
 
 12
 "It may also be, of course, that these allegations will not be sustained when the case goes to trial. * * * But on the record before us it would be impossible to reach such conclusions as a matter of law, and it is not our function to speculate as to the ultimate findings of fact." Fortner Enterprises v. United States Steel Corp., supra, at 394 U.S. at 506, 89 S.Ct. at 1260.
 
 
 13
 The judgment of dismissal is vacated and the case is remanded for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 InFortner, the district court entered summary judgment, holding that petitioner's allegations had failed to raise any question of fact as to a possible antitrust violation. In reversing the Supreme Court quoted from Poller v. Columbia Broadcasting Co., 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962):
 "We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot. It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of `even handed justice'."