Thomas P. O'REAR, Plaintiff,

v.

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC., et al., Defendants.

No. 91–148–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 25, 1992.

Kimberly J. Lee, Paul A. Nelson, P.A., Tampa, Fla., for plaintiff.

Andrew Lamar Granger, Mang, Rett & Collette, P.A., Tallahassee, Fla., William C. Humphreys, Jr., Mary C. Gill, Alston & Bird, Atlanta, Ga., for defendants.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses:

1. Defendants American Family Life Assurance Company of Columbus, Inc. (American Family) and American Family Life Corporation (American Corporation)'s motion to dismiss Counts I, II, and VI of third amended complaint, motion to stay pending arbitration and memorandum in support thereof, filed November 18, 1991. (Docket Nos. 40 and 41).

2. Defendant American Family Life Assurance Company Associate Stock Bonus Plan (the Plan)'s motion to dismiss and memorandum in support thereof, filed November 18, 1991. (Docket No. 42).

3. Defendant American Family's motion and brief for determination of the amount of attorney's fees previously awarded, filed November 18, 1991. (Docket No. 43).

4. Plaintiff's response to motion for determination of attorney's fees, filed November 25, 1991. (Docket No. 45).

5. Plaintiff's response to the Plan's motion to dismiss, filed November 27, 1991. (Docket No. 46).

6. Plaintiff's response to American Family's motion to dismiss, filed November 27, 1991. (Docket No. 47).

7. Defendant's conditional motion for evidentiary hearing on motion to stay and memorandum in support thereof, filed December 17, 1991. (Docket No. 49).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

This case has a rather torturous history which is relevant to the pending motions and requires a recitation of the progress of this case to date.

The original complaint in this case was filed February 5, 1991, naming only AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC. as a defendant and, including, claims for: 1) breach of contract; 2) violation of covenant of good faith and fair dealing; and 3) fraud and misrepresentation.

Upon service of the summons and complaint, American Family filed a motion to dismiss and to strike. While responding to the motion to dismiss, Plaintiff also filed a

motion to amend the complaint to "include a wrongful discharge cause of action" and to include "events which have occurred subsequent to the filing of Plaintiff's Complaint which include tortious causes of action against one or more AFLAC [American Family] agents, employees and/or independent contractors." In the response to the motion to dismiss, Plaintiff conceded that Counts I and III of the complaint were deficient, again moving for leave to amend. Therefore, on April 8, 1991, the Court granted the leave to file an amended complaint.

The first amended complaint was filed on April 19, 1991. This first amended complaint again named AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC. as the sole defendant and replead the same three (3) counts (breach of contract, violation of implied covenant of good faith and fair dealing, and fraud and misrepresentation) without substantial difference from the original complaint.

Defendant, American Family, on May 2, 1991, filed a motion to dismiss and an alternative motion to strike portions of Counts I and III. A response was filed on May 16, 1991, wherein Plaintiff admitted that, though he made a good faith effort, the first amended complaint may have fallen short of the "particularity" requirements of Rule 9, Fed.R.Civ.P. as to Count III and yet again asked for leave to amend Count III.

Without waiting for the Court's order on the motion to amend, a second amended complaint was filed on June 17, 1991. The second amended complaint named as defendants: AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC.; AMERICAN FAMILY CORPORATION; and JOHN AMOS, SALVADOR DIAZ–VERSON, JR., AND GEORGE W. JETER, individually and in their capacity as trustees of the AMERICAN FAMILY LIFE ASSURANCE COMPANY ASSOCIATE STOCK BONUS PLAN (the Trustees).

This pleading contained nine (9) causes of action: 1) breach of contract; 2) violation of covenant of good faith and fair dealing; 3) fraud and misrepresentation; 4) violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.; 5) violation of § 10 of the Securities Exchange Act of 1934, 15 U.S.C. § 78j and Rule 10(b); 6) violation of § 17(a) of the Securities Act, 15 U.S.C. § 77q; 7) violation of § 12(2) of the Securities Act, 15 U.S.C. § 77l; 8) violation of § 12(1) of the Securities Act, 15 U.S.C. § 77l; and 9) deliberately misconstruing the employment contract for purpose of avoiding employer withholding liability under the Internal Revenue Code.

Defendants filed a motion to dismiss the second amended complaint on August 20, 1991; to which Plaintiff responded on September 3, 1991. In the response, Plaintiff voluntarily dismissed Counts I, II, IV, V, VI, VII, VIII and IX of the second amended complaint, seeking to amend all counts except VI, but requested that the motion to dismiss Count III be denied.

This Court issued an order on October 18, 1991, 139 F.R.D. 418, resolving the issues raised by the motion to dismiss the second amended complaint. Upon examination of the fraud claim (Count III), the Court found that the second amended complaint failed to identify the individuals who allegedly planned to remove the plaintiff from his employment, stating: "Thus, dates, times, and names should be used to allege paraphrased or quoted statements by Defendants, and these statements must have been made in organizing, orchestrating, and commencing the plan to remove Plaintiff from AFLAC's employment." The Court found the motion to dismiss Count III should be granted.

As to the remaining counts, Plaintiff admitted that "oversight and inadvertence" resulted in "repeated failure(s) to cure deficiencies by amendments previously allowed"; which further resulted in considerable expenditure of time and effort for the defendants in filing the (3) motions to dismiss.

The Court determined that, if Plaintiff chose to file a third amended complaint, his counsel would pay costs and attorney's fees for unreasonably multiplying the pro-

ceedings in the case. Therefore, the Court ordered:

> [T]hat the motion to dismiss, as explicated above be **Granted.** Since Count VI was voluntarily dismissed but no request was made to amend the count, the Count **shall be** dismissed with prejudice. Concerning the other counts which Plaintiff requests leave to amend, Plaintiff **shall have** ten (10) days from this date to file its third and final amended complaint and response to RICO order. The Court reserves ruling on the assessment of sanctions pending Defendants' request for amount of sanctions and response thereto. Defendants **shall have** ten (10) days from the date of the filing of the Third Amended Complaint to file a motion on the amount of attorney's fees requested; and Plaintiff **shall have** five (5) days from Defendant's (sic) filing of the amount requested for attorney's fees to file a response to the amount of attorney's fees requested.

Plaintiff did elect to file a third amended complaint on October 31, 1991; wherein he dropped the individually named defendants (the Trustees) of the second amended complaint and named as defendants: AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, INC.; AMERICAN FAMILY LIFE CORPORATION; and, for the first time, AMERICAN FAMILY LIFE ASSURANCE COMPANY ASSOCIATE STOCK BONUS PLAN.

The claims set forth therein are: 1) fraudulent concealment as to American Family; 2) fraud and misrepresentation as to American Family; 3) breach of contract as to American Family; 4) breach of fiduciary duty as to American Life; 5) breach of fiduciary duty as to American Family, the Plan and the American Corporation; and 6) defamation as to American Family. The Court notes that instead of amending the majority of the claims made in the second amended complaint, Plaintiff amended as to breach of contract and fraud and misrepresentation and asserted four (4) new causes of action; these causes of action were new to the original, the first amended and the second amended complaint.

To no one's surprise, considering the history of this case, the Court is now confronted with a fourth round of motions to dismiss, as well as a motion to stay pending arbitration and motion for determination of attorney's fees. Defendants additionally filed an answer to the third amended complaint raising sixteen (16) affirmative defenses.

## MOTION TO DISMISS THE PLAN

██ The first motion the Court addresses is the motion of the Plan to dismiss it from the third amended complaint, for improperly adding it as a party to the action. Defendant, the Plan, asserts that Plaintiff's attempt to add it at this juncture, without court order, violated the Federal Rules of Civil Procedure, specifically Rules 15(a) and 21. In response, Plaintiff contends that this Court's granting of leave to amend and add an action for wrongful discharge in April of 1991 should be considered the basis for allowing the addition of the Plan to this the third amended complaint.

This case is reminiscent of the proverbial "fishing expedition." This Plaintiff has cast every line it has, in every direction, in an attempt to meet his burden of pleading: to file a complaint alleging facts upon which a claim can be based; and, this Court has been patient in giving him every opportunity to state a cause of action. Defendants would surely say more than his fair share of opportunity. The casting about ends here. This is the last opportunity for Plaintiff to properly plead a cause of action.

The last order of this Court, October 18, 1991, gave Plaintiff a fourth opportunity to file a complaint which satisfies the very liberal pleading requirements of the federal courts and to amended the counts which it dismissed, specifically Counts I, II, III, IV, V, VII, VIII, and IX. No leave to add parties was sought, or granted by that order.

The Court finds Plaintiff's contention that it thought it could go back to a much earlier order for permission to add this defendant borders on the absurd. The only indication Plaintiff made that a party

should be added was prior to the first amended complaint. The Court let Plaintiff amend but it failed to add any new parties. The effect of that order granting leave to amend ended at the time of the filing of the first amended complaint; therefore, the motion to dismiss will be granted, with prejudice since this Court made it clear in the October 18, 1991, order that the third amended complaint was the last amendment that would be granted. It is the failure of Plaintiff to seek leave to add a party which results in this dismissal of the Plan as a defendant. A plaintiff may not avoid the consequences of the acts or omissions of his or her attorney, his or her freely selected agent. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

## DEFENDANTS' MOTION TO DISMISS AND STAY

. This latest motion to dismiss filed by defendants seeks dismissal of three (3) counts of the third amended complaint: Count I-fraudulent concealment as to American Family; Count II fraud and misrepresentation as to American Family; and Count VI defamation as to American Family. The remaining counts, including Count III-breach of contract as to American Family; Count IV-breach of fiduciary duty as to American Family; and Count V-breach of fiduciary duty as to American Family and the American Corporation,[1] defendants assert should be stayed pending arbitration, as required by the contract between the parties.

As previously stated, when reviewing the sufficiency of a complaint a court must determine if the pleader is entitled to proceed, not whether he/she could prevail. Where the pleading, on its face, presents facts, which if proven could support recovery, even if remote or unlikely, sufficiency is established. *Thomason v. Hospital T.V. Rentals*, 272 F.2d 263 (8th Cir.1959). All allegations of the complaint are to be construed in favor of the pleader and material allegations are to be taken as admitted for

purposes of the motion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)

### Counts I and II

Succinctly, Count I of the third amended complaint alleges that:

1. In or about August and September, 1986, Don Land, an agent or employee of American Family, initiated conversation with Plaintiff, wherein he presented a proposal that Plaintiff become a regional sales coordinator in Florida.

2. American Family and their agents or employees, including Land failed to inform Plaintiff that: 1) the position was not a secure position, in that part or all the sales territory could be taken away or that part or all of his sales accounts could be taken away, at the whim of the state sales coordinator and without provocation; 2) that the position was not secure insofar as that American Family could interfere even if he built his region, added new associates and/or showed growth in production; and 3) that Land did not have authority to present him with an employment opportunity that was to last for his lifetime.

3. The failure to inform was "in order to deceive him [Plaintiff] about the secure nature of this employment opportunity and/or in order to induce Plaintiff, O'REAR, to act by accepting the new position ..."

4. American Family, through its agents or employees, including Land, had a duty to disclose during the discussions the concealed information, in that they had superior knowledge of the facts.

5. The facts not disclosed would have materially altered Plaintiff's acceptance of the new position and, therefore, he was injured in the loss of income and other economic loss.

Whereas, Count II of the third amended complaint (a compilation of Counts III and IX of the second amended complaint) states that:

---

**1.** The Plan was also named in this count but, as the Plan is dismissed from the action, are not considered in this discussion.

1. From October 1986 until March 1991, the contractual obligations between Plaintiff and American Family provided that Plaintiff was an independent contractor, responsible for filing income tax and social security dues.

2. From August 1986 until March 1991, representations were made leading Plaintiff to believe that he would continue to have a position with American Family for the remainder of his life and would be discharged only for good cause.

3. On March 13, 1991, he was discharged without good cause.

4. From August 1986 to March 1991, representations were made to Plaintiff that led him to believe he was an employee of American Family and, therefore, he was entitled to have his income tax and social security dues paid by American Family, which was not done.

5. American Family loaned Plaintiff money and led him to believe he could pay it back in installment payments based on pledging monthly renewals or after sale of his home and then repurchased his stock being held in trust without consent to recoup the money.

■ The motion argues that Plaintiff after four (4) tries has once again failed to state a claim for fraud, fraudulent concealment or fraudulent misrepresentation. The parties agree that the standard for a claim of fraudulent concealment is stated by *Telesphere International, Inc. v. Scollin*, 489 So.2d 1152 (Fla. 3rd D.C.A.1986). In *Telesphere*, the plaintiff maintained that the employer, through a principal, had fraudulently induced him to join the company by deliberately failing to inform him that the system he was hired to market would fail and he would be discharged. The appellate court found that the issue was one for the jury because plaintiff had plead the elements of actionable fraudulent concealment: the defendant deliberately and in order to deceive withheld material facts from plaintiff, when there was a duty to disclose, where the party making the representation had superior knowledge in the matter or acted in a confidential or fiduciary capacity, when plaintiff relied on the lack of disclosure to his detriment. To constitute actionable fraud, the representation made must be material and generally must relate to an existing or pre-existing fact upon which the plaintiff justifiably relied. *First Union Brokerage v. Milos*, 717 F.Supp. 1519 (S.D.Fla.1989).

Defendants assert that, as a matter of law, Plaintiff cannot establish the most fundamental element of these claims, fraudulent misrepresentation and concealment. Defendants point to paragraph 9 of the Associate's Agreement, signed December 12, 1988, which governed the relationship with Plaintiff for support. Paragraph 9 states that either party may terminate the agreement at will, without cause, upon giving thirty (30) days written notice.

■ Count I of the third amended complaint is not based on the termination of Plaintiff but rather his taking the transfer and new position originally. He contends that if he had known the "true facts" he would not have accepted the position or transfer. The concealed information indicated in this count have to do with Defendants allegedly not telling Plaintiff they could "mess" with his territory and make changes within that territory.

The Court has to take as true the allegations of the complaint and determine if the elements of the cause are sufficiently pled. Plaintiff alleges that Defendants, deliberately and with intent to deceive, concealed facts, paragraphs 35 to 41, from him prior to his taking the job. Plaintiff further contends that the undisclosed information was material to his decision to take the position, paragraph 46, and that he relied on the information to his detriment, i.e., he gave up other employment opportunities with other employers and within American Family, paragraph 47. Without explicating what the duty was, Plaintiff contends that Defendants had a duty to disclose the information withheld, paragraphs 42, 43, and 45.

The Court concludes that Plaintiff has, under the liberal rules of pleading, pled a cause of action for fraudulent concealment. As in the *Telesphere* case Defendants may have had a perfect right to terminate Plain-

tiff at will; but Plaintiff is entitled to establish whether or not they were guilty of fraudulently inducing him to take the job in the first place by deliberate concealment of pertinent facts. The motion to dismiss Count I will be denied.

■ Count II is a little less clearly put forth. Plaintiff alleges misrepresentations in regard to his status, either as an independent contractor or employee, but contradicts himself within the explication of this count. He first says that the contract under which he functioned designated him an independent contractor but goes on to claim that the representations made to him "led" him to believe he was an employee. The contentions of Plaintiff as to these purported misrepresentations are not well-taken. The agreements signed by Plaintiff clearly stated that he was an independent contractor and Plaintiff has set forth no representations which are at variance with that contract provision.

■ The Court finds no materiality to the representations made in regard to the loans made to Plaintiff. Plaintiff may have an action for wrongful conversion but not a fraudulent misrepresentation basis for this count.

■ The final alleged misrepresentations have to do with whether or not Plaintiff was promised that he would have a position with Defendants for life and whether or not he was discharged for good cause. Defendants discussion of the at will employment provision of the contract is well-taken in this respect. The Court cannot find that Plaintiff could have reasonably relied on any purported misrepresentation of perpetual employment. The Court adopts the reasoning of Defendants and Count II will be dismissed with prejudice.

*Count VI*

■ In Count VI, Plaintiff asserts a claim for defamation in that:

1. On or about October 11, 1990, James W. Grimes, of American Family, mailed a letter to Joe Kuchenmeister, also of American Family, which stated in relevant part:

Also Tom O'Rear has the reputation of being lazy, and I have seen that in my first four months in Florida also. He is always in the office. I have heard several comments from Associates in his Region that Tom is sitting on the Regional Coordinator Throne.

Tom also made the statement when I met with him on this that just when he got the Region built up so he could take it easy, I was taking half of it away from him. I really believe he thought he could sit back and take it easy now. I tried to explain to him that we have to continue building and growing, and we can never sit back, but all he could see was that I was taking away half of his Region that he had built.

Tom O'Rear did not recruit a single person in the Dave Bartschy District. All of those people were with AFLAC in Tampa, when Tom moved to Tampa four years ago. He didn't recruit, train or develop any of those people.

2. On or about February 12, 1991, Mr. Grimes mailed to George Dickey, also of American Family, a letter which was a notice of Plaintiff's termination and states in pertinent parts:

Tom has stopped participating in our Florida coordinators' incentive fund, and has a $984.00 debit balance in it. He does not have an answering service of any kind for the regional office, and many of his associates and district coordinators are calling me at the state office for assistance because they cannot find their RSC Tom O'Rear.

Tom has made his decision that he is not going to cooperate whatsoever, and he is going to sue AFLAC...

3. The statements are false, malicious, defamatory, constitute libel per se insofar as they pertain to Plaintiff's business or profession, and were published in disregard of their effect on Plaintiff's reputation and good-standing in the community.

4. The statements were published with malice and made with ill will, hostility and evil intention to defame and injure.

5. That the false statements were leaked to friends and associates to further humiliate and harm Plaintiff.

Defendant contends that Plaintiff has not alleged a publication sufficient for asserting a defamation claim, in that the communications between business associates in the course of company business do not constitute publication, and, further, the alleged publication to third persons, friends and associates, is not pled with sufficient specificity.

The Court cannot agree with Defendants that publication is not sufficiently alleged by the complaint. Certain business communications are regarded under Florida law as qualifiedly privileged in some instances; but that does not negate that publication was made even if only between employees of the same company. Plaintiff has alleged malice and ill will in making the publication and at this point the question of the qualified immunity has not been addressed by Defendants. The Court finds Count VI sufficiently pled to defeat the motion to dismiss.

*Motion to Stay*

Defendants seek to stay the remaining counts, Count III-breach of contract as to American Family; Count IV-breach of fiduciary duty as to American Family; and Count V-breach of fiduciary duty as to American Family and the American Corporation, and additionally Count I and VI for which the motion to dismiss was denied, because they are subject to arbitration as set forth in the Associates Agreement and the Regional Sales Coordinator's Agreement which represents the contractual agreements between the parties.

The Associate's Agreement entered into by the parties provides, in paragraph 15, that:

Any dispute arising under this Agreement, to the maximum extent allowed by applicable law, shall be subject to arbitration, and prior to commencing any court action the parties agree that they shall arbitrate all controversies.

Also found in the Regional Coordinator's Agreement is paragraph seven, which provides that all provisions of the Associate's Agreement are in force and effect and govern the contract between Plaintiff and American Family.

There is a body of federal substantive law favoring arbitration which is applicable to agreements to arbitrate which are covered by the Arbitration Act. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Section 2 of the Act, 9 U.S.C. § 2, states that a written provision in a contract evidencing a transaction involving commerce which provides for arbitration of:

[A] controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

In *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225–226, 107 S.Ct. 2332, 2336–2337, 96 L.Ed.2d 185 (1987), the Supreme Court noted that the Arbitration Act reverses the common law hostility to arbitration agreements, allowing them to be enforced as normal contracts. It noted that the Arbitration Act established a federal policy supporting arbitration which obligates the courts to enforce arbitration agreements rigorously. *Shearson*, 482 U.S. at 226, 107 S.Ct. at 2337. Thus, arbitration agreements are fully enforceable "[a]bsent a well-founded claim that an arbitration agreement resulted from the sort of fraud or excessive economic power that 'would provide grounds for the revocation of any contract.' " *Shearson*, 482 U.S. at 226, 107 S.Ct. at 2337 [quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 627, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1984)].

The remaining allegations, as well as the allegations of the dismissed Count II, of fraud go to the decision of Plaintiff to take the new position offered and to the formation of the entire contract with American Family rather than to any misrepresentation specifically with respect to the arbitration clause. In these circumstances, where the purported fraud goes to the signing of

the contract as a whole, the allegations should be heard by an arbitrator not by the district court. *Driscoll v. Smith Barney, Harris, Upham & Co.*, 815 F.2d 655 (11th Cir.1987), citing *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Therefore, the motion to stay pending arbitration will be granted.

MOTION FOR DETERMINATION OF ATTORNEY'S FEES

■ The final pending motion is American Family's motion for determination of the amount of attorney's fees previously awarded. In the order of October 18, 1992, this Court made it clear that Plaintiff's counsel was responsible for the expenditure of considerable time and effort by Defendants, in research and preparation of previous motions to dismiss, and by the Court coincidentally. · The lack of diligence on the part of the counsel resulted in an order that Plaintiff's counsel pay costs and attorney's fees for the preparation of the first three (3) motions to dismiss, if a third amended complaint were to be filed. No motion to reconsider that ruling was filed by Plaintiff and it stands as the law of this case. Defendant, American Family, seeks attorney's fees in the amount of $36,280.50; which it asserts was expended in preparation of the first three (3) motions to dismiss.

Plaintiff contends that the Court cannot award attorney fees and costs, pursuant to 28 U.S.C. § 1927, because American Family has not carried its burden of showing Plaintiff deliberately or intentionally acted unreasonably and vexatiously in multiplying the proceedings and they failed to demonstrate "excess" costs. Incidentally, Plaintiff asserts that American Family failed to produce satisfactory information to establish the requested hourly rate is the prevailing rate in the community.

The Court is in agreement with Plaintiff that American Family has failed to adequately support its hourly rate requests. The remaining issues set forth by Plaintiff have not been responded to by American Family because they were not allowed to so respond without the Court's request.

■ The Court on review of the motion is of the opinion that Defendant, American Family, should be given an opportunity to respond to the issues raised in regard to award of attorney's fees as to the first three (3) motions. The Court in reviewing the bills submitted has some question itself about some fees sought, i.e., billing date March 8, 1991, "continuation preparation of response to motion to· amend"—the Court did not grant attorney's fees for responding to the motion to amend.

There is also the question of whether any attorney's fees, and if so in what amount, should be awarded in regard to the preparation and filing of the motion to dismiss the third amended complaint (not including the motion to stay), since a portion of that motion is being granted. Accordingly, it is

ORDERED that the motion to dismiss Counts I and VI and conditional motion for evidentiary hearing on motion to stay be denied; the motion to dismiss Count II of the third amended complaint and motion to dismiss American Family Life Assurance Company Associate Stock Bonus Plan. be granted, with prejudice; motion to stay pending arbitration be granted and this cause of action be administratively closed pending the completion of arbitration. It is further,

ORDERED that Count II of the third amended complaint and Defendant, American Family Life Assurance Company Associate Stock Bonus Plan be dismissed, with prejudice; that Defendant American Family Life Assurance Company of Columbus, Inc., shall have ten (10) days from this date to file any motion for attorney's fees and costs as to the motion to dismiss the third amended complaint and to file a reply to Plaintiff's response to motion for determination of fees, as filed November 18, 1991; and Plaintiff shall have ten (10) days from the filing of any new motion for attorney's fees to file a response thereto.

DONE and ORDERED.