**UNITED STATES, Plaintiff,**

v.

**NIPPON MINIATURE BEARING, INC. and Minebea Company, Ltd., Defendants.**

Slip Op. 98–28.
Court No. 96–12–02853.

United States Court of
International Trade.

March 18, 1998.

Frank W. Hunger, Asst. Atty. Gen. of U.S., David M. Cohen, Director; Carol L. Wallack, Trial Attorney, Commercial Litigation Branch, Civil Div., Dept. of Justice; of counsel, AnnMarie R. Highsmith, Staff Attorney; Ellen Y. McClain, Deputy Associate, Chief Counsel, U.S. Customs Service, Washington, DC, for Plaintiff.

Coudert Brothers (Robert L. Eisen, Steven H. Becker, Claire R. Kelly) and Shaw, Pittman, Potts & Trowbridge (Michele N. Tanaka, Jack McKay), Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

POGUE, Judge.

This matter is before the Court on Plaintiff's, the United States, motion to dismiss counterclaims filed by Nippon Miniature Bearing, Inc. and Minebea Company, Ltd. (collectively "Defendants"). Also before the Court is Defendants' motion for judgment on the pleadings.[1]

### BACKGROUND

The United States commenced this action to recover civil penalties assessed against Defendants for violation of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592, in importing certain ball bearings. Defendants counterclaimed, seeking, in part, a declaration "that the actions of Customs and [certain Customs employees and officials] ... with respect to the seizure and penalty proceedings against [NMB] ... are unlawful." Defs.' Answer & Counterclaims at 14.

Plaintiff's motion to dismiss contests this court's jurisdiction to entertain counterclaims challenging Customs' seizure of subject merchandise. Pl's Mot. to Dismiss Defs.' Counterclaims at 1. Plaintiff's motion also claims that Defendants' counterclaims must be dis-

---

1. *See* USCIT R. 12(c). Although the title of Defendants' motion seeks judgment on the pleadings, it alleges that Plaintiff's action fails to state a claim for relief. *See infra,* pp. 1449–50.

missed for failure to state a claim upon which relief can be granted. *Id.*

Defendants' motion for judgment on the pleadings seeks dismissal of Plaintiff's action arguing "that the government has failed to state a claim upon which relief may be granted," because "the facts alleged by the government could not give rise to a penalty action under 19 U.S.C. § 1592." Defs.' Mot. J. on the Pleadings at 2. Thus, Defendants' motion falls under USCIT R. 12(b)(5), as a motion to dismiss. *See* USCIT R. 12(b)(5).

### JURISDICTION

On March 24, 1997, Defendants filed a motion to dismiss the government's complaint. On June 10, 1997, this Court denied that motion, noting, "[t]he Court of International Trade has 'exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States—(1) to recover a civil penalty under section 592 . . . of the Tariff Act of 1930.' 28 U.S.C. § 1582."

■ Section 1583 provides this court with "exclusive jurisdiction to render judgment upon any counterclaim" involving "the imported merchandise that is the subject matter" of the civil action. 28 U.S.C. § 1583. Therefore, the Court may address counterclaims arising from actions involving the imported merchandise at issue here.

### STANDARD OF REVIEW

■ On a motion to dismiss for failure to state a claim,[2] the court assumes that "all well-pled factual allegations are true," construing "all reasonable inferences in favor of the nonmovant," *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991); and inquires whether the complaint sets forth facts sufficient to support a claim. To determine the sufficiency of a claim, consideration is limited to the facts stated on the face of the complaint, documents appended to the complaint and documents incorporated in the complaint by reference. *Allen v. West-Point–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991).

**2.** *See* USCIT R. 12(b)(5).

■ The plaintiff is not required to set out in detail the facts upon which the claim is based, but only to give the defendant "fair notice of what his claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Nor is it necessary for the particular relief requested to be available, as long as the court can ascertain that some relief is available. *Doe v. U.S. Dep't of Justice,* 753 F.2d 1092, 1104 (D.C.Cir.1985); *Lada v. Wilkie,* 250 F.2d 211, 215 (8th Cir.1957). An unlikely or remote possibility of recovery alone is not a reason to dismiss. *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). Dismissal is proper only "where it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief." *Constant v. Advanced Micro–Devices, Inc.,* 848 F.2d 1560, 1565 (Fed.Cir.1988)(citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *cert. denied,* 488 U.S. 892, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988).

### DISCUSSION

On the record before the Court, both motions must fail.

Plaintiff's complaint alleges that between August 1, 1986, and February 27, 1987, the Defendants imported certain bearings into the United States and that these bearings were entered by means of Defendants' false representations of their material composition. Pl's Complaint, ¶ 7, 8.

Section 1592 provides in pertinent part, that "[w]ithout regard to whether the United States is or may be deprived of all or a portion of any lawful duty, tax, or fee thereby, no person, by fraud, gross negligence, or negligence—(A) may enter, introduce, or attempt to enter or introduce any merchandise into the commerce of the United States by means of—(i) any document, written or oral statement, or act which is material and false, or (ii) any omission which is material . . . ." 19 U.S.C. § 1592.

Defendants claim that the facts alleged in the complaint "could not give rise to a penalty action under 19 U.S.C. § 1592." Defs.' Mot. J. on the Pleadings at 2. Specifically,

Defendants' motion claims that Plaintiff's complaint is grounded in Defendants' "purportedly false statements to customers." *Id.* at 38. Defendants claim that statements to customers cannot be material to the entry of the merchandise into the United States. *Id.*

Because Defendants' arguments are based on fact, they are irrelevant for purposes of addressing Defendants' motion for judgment on the pleadings as the Court must make all reasonable inferences regarding factual allegations in favor of the nonmovant.

The Court finds that Plaintiff's allegations, if proved, would provide a basis for liability. *See United States v. Cargo of Sugar*, 25 F.Cas. 288, No. 14,722 (1874) (finding that failure to disclose the mixture of charcoal with sugar, in order to reduce its grade, will subject importer to forfeiture).

The same is true with regard to Plaintiff's motion to dismiss Defendants' counterclaims.[3] The Court cannot conclude on the record here that Defendants could prove no set of facts which would entitle them to relief. Defendants allege, in their counterclaims, that all statements made by them to Customs in connection with the entry of their merchandise were in fact accurate and true. Defs.' Answer & Counterclaims, ¶ 34, at 9. Moreover, Defendants claim Customs exceeded its statutory authority in the process of investigating and resolving matters of merchandise composition and quality under the Lanham Act, 15 U.S.C. § 1125. *Id.* ¶ 46, at 12.

The Court cannot conclude on the record presented here that the Defendants can prove no set of facts which would entitle them to a declaration that Customs' actions were *ultra vires* and therefore unlawful.

Therefore, upon review and careful consideration of the instant motions, the aforementioned statutory provisions, relevant case law addressing the scope of this court's jurisdiction in penalty and forfeiture actions, and all other papers and proceedings had herein, it is hereby,

ORDERED that Defendants' motion for judgment on the pleadings and Plaintiff's motion to dismiss Defendants' counterclaims are denied.

---

3. The Plaintiff argues, and the Court assumes, *arguendo*, that it does not possess subject matter jurisdiction to entertain Defendants' challenge to Customs' seizure/forfeiture actions of entries of Defendants' merchandise, even if they are the subject of this action. Moreover, the Court assumes *arguendo* that Defendants fail to state a claim for review under the Administrative Procedure Act, 5 U.S.C. §§ 501, 704.