Thomas P. O'REAR, Plaintiff,

v.

AMERICAN FAMILY LIFE ASSURANCE CO., et al., Defendants.

No. 91–148–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Oct. 18, 1991.

Kimberly J. Lee, Paul A. Nelson, P.A., Tampa, Fla., for plaintiff.

Andrew Lamar Granger, Mang, Rett & Collette, P.A., Tallahassee, Fla., for defendants.

## ORDER MOTIONS

KOVACHEVICH, District Judge.

This cause came before the Court on Defendants' Motion to Dismiss Plaintiff's

Second Amended Complaint; and Plaintiff's response which contained his request to amend his Second Amended Complaint, the former being served September 18, 1991, and the latter response being served September 3, 1991.

The Court finds that Defendants' motion to dismiss, excluding Count III which Plaintiff is given leave to amend, should be granted. However, Plaintiff's request to amend its Second Amended Complaint also should be granted. Plaintiff's allegations require further clarity and if not made Plaintiff will be subject to sanctions, i.e. Defendants being awarded past attorney's fees and other costs of defending this case.

## HISTORY

Plaintiff's first Complaint was filed on February 5, 1991, with Defendants' prompt response to dismiss the complaint on March 4, 1991. On April 8, 1991 Defendants' motion was granted, with Plaintiff being given his first opportunity to file an amended complaint to remedy the original defects. Subsequently, the Amended Complaint was filed on April 19, 1991, but Defendants believed the original defects were still present. As a result, Defendants moved to dismiss the Amended Complaint. While the motion to dismiss was before the Court, Plaintiff took the issue out of the Court's hands by conceding to the deficiencies in the Amended Complaint. Without leave of the Court, the Second Amended Complaint was filed, totalling three opportunities to plead properly. Defendants filed a motion to dismiss the Second Amended Complaint, while Plaintiff subsequently conceding that Defendant was correct in its motion to dismiss, and thus Plaintiff again requesting leave to amend. From here, the Court is faced with two questions.

First, since Plaintiff concedes Counts I, II, IV, V, VI, VII, VIII, and IX of the Seconded Amended Complaint are insufficiently plead, thereby implicitly voluntarily dismissing, should another opportunity to amend Plaintiff's complaint be granted? Secondly, should Count III, the only count not voluntarily dismissed, remain in its present form? The Court will address the second question first, addressing the most important question last.

## COUNT III

In examining the Count III fraud claim, the Court applies Rule 9(b), Fed.R.Civ. P.Rule 9(b) specifies that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. While it is true that Plaintiff includes specific instances in Count III, the count still lacks the specificity required under the rule. Count III should explicitly state the circumstances constituting the fraud.

■ Plaintiff should specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud and the place of the alleged fraud. *Todd v. Oppenheimer & Co., Inc.*, 78 F.R.D. 415 (S.D.N.Y.1978). Plaintiff fails in Count III to name the individuals who allegedly planned to remove Plaintiff from American Family Life Assurance's (AFLAC) employment. While the Second Amended Complaint identifies one individual in paragraph 55, the specific statements related to organizing, orchestrating, and commencing the alleged plan are lacking. Statements by individuals should allegedly be in concert with Defendant AFLAC's plan to force Plaintiff from his employment with the corporation.

Fortunately, Plaintiff is on the right track by naming an individual in the Second Amended Complaint, but more work needs to be done. For instance, in paragraph 55 it is alleged that AFLAC "indicated" that if Plaintiff built his region, his business would not be interfered with. Instead, Plaintiff should quote or paraphrase the words by individuals who made those "indications" on behalf of AFLAC. Thus, dates, times, and names should be used to allege paraphrased or quoted statements by Defendants, and these statements must have been made in organizing, orchestrating, and commencing the plan to remove Plaintiff from AFLAC's employment. The reason for requiring greater specificity in fraud cases is because there is a higher chance of causing injury to a party's reputation. In the spirit of Rule 9(b), the Court

directs Plaintiff to re-allege Count III with the requisite specificity, excluding vague claims in paragraphs 52–61 of the Second Amended Complaint and including more precise words in forming a proper fraud claim.

## ALL OTHER COUNTS

By Plaintiff's own admission, Counts I, II, IV, V, VI, VII, VIII, and IX of the Second Amended Complaint are inadequately plead. As a result, Plaintiff again seeks leave to amend these counts. Plaintiff bases its inadequate pleading on "oversight and inadvertence." With this statement there is no dispute that all counts are inadequate. Therefore, the Court is presented with the difficult question of whether to allow another amended complaint to be submitted.

Leave to amend should be freely given "when justice so requires." Rule 15(a) Fed.R.Civ.P. Deciding when to grant a leave to amend is within the Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). This Court recognizes that its discretion is "particularly broad" when denying a leave to amend a complaint where the Plaintiff had earlier opportunities to amend. *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1438 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). It further recognizes that by Plaintiff O'Rear's own admission there have been "repeated failure(s) to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182, 83 S.Ct. at 230. The Fifth Circuit Court of Appeals has upheld a denial for a third amended complaint when past complaints still contained basic deficiencies. *Smith*, 845 F.2d at 1366. Taking the above law into account, the Court still believes that the fundamentals of federal pleading is to give the opposing party notice. Albeit, the notice must be in proper form. Thus, the Court will give the Plaintiff *one last* opportunity to plead properly.

However, Plaintiff's "oversight and inadvertence" has resulted in the expenditure of considerable time and effort by the Defendants in the research, preparation and filing of its three motions to dismiss. Plaintiff's have lacked diligence by failing to remedy basic flaws,[1] which were in three previous complaints. As a result, when the Third Amended Complaint is submitted, Plaintiff's counsel shall pay costs and attorney's fees for unreasonably multiplying the proceedings in this case.[2] 28 U.S.C. § 1927 (1982). These costs shall include the attorney's expenditures for preparing and filing the past three motions to dismiss. Furthermore, if a motion to dismiss is upheld in whole or in part against the Third Amended Complaint, Plaintiff's attorney's will compensate Defendant for any further costs and fees which have resulted in preparing their response to the Third Amended Complaint.

The Court realizes that specific pleading is a difficult task and because of this it concludes by giving Plaintiff instructions on its RICO claim: To further judicial economy and to enhance the Court's ability to adjudicate RICO claims, it would be advantageous for Plaintiff to file a statement of facts devoted to his RICO claims, such statements being provided to Defendants. Therefore, Plaintiff will be required, within ten (10) days from the date of this Order, to file this statement in accordance with the following format:

## PATTERN OF RACKETEERING ACTIVITY

1. State each alleged RICO predicate act by defendant, complying with Rule 9(b), Fed.R.Civ.P., to the extent it is applicable.

2. State the specific statutory section that each alleged predicate act violates,

---

1. Plaintiff admits on page five of his response to Defendant's Motion to Dismiss the Second Amended Complaint that the first two counts are "substantially the same as those contained in ... the initial complaint."

2. Plaintiff can avoid paying costs and attorney's fees by not submitting a Third Amended Complaint.

separating alleged section violations in separate counts.

3. State how the predicate acts in combination satisfy the relatedness requirement. See *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).

4. State how the predicate acts in combination satisfy the continuity requirement. See *H.J. Inc.*, 109 S.Ct. 2893 (1989).

5. The complaint must allege either: (1) a series of related acts extended over a substantial period of time, or (2) related predicate acts involving a distinct threat of long-term activity. *H.J. Inc.*, 492 U.S. at 240–44, 109 S.Ct. at 2901–03, 106 L.Ed.2d at 209–10.

6. Include time, place and how the pattern of acts occurred. See *Schreiber Distributing Co. v. Serv–Well Furniture Co., Inc.*, 806 F.2d 1393, 1399 (9th Cir.1986).

7. State how the mail or wire fraud played an integral role in the scheme to bring the communicator's conduct within the ambit of the statutes. *United States v. La Ferriere*, 546 F.2d 182 (5th Cir.1977). Include a statement describing how the mailing or use of the wires is in furtherance of the scheme. *United States v. Hagler*, 708 F.2d 354 (9th Cir.1982). The statement should be more specific than stating "100 separate occasions" constituted a fraud.

## ENTERPRISE

■ 8. State the name of the partnership, corporation, association, sole proprietorship, or other legal entity which allegedly constitutes the enterprise, or the names of the individuals comprising an association-in-fact which allegedly constitutes the enterprise.

9. If the alleged enterprise is a sole proprietorship, name the employees of that business. See *McCullough v. Suter*, 757 F.2d 142 (7th Cir.1985).

10. If the alleged enterprise is an association-in-fact, establish that it has a common or shared purpose, and continuity of structure and personality. See *U.S. v. Cagnina*, 697 F.2d 915 (11th Cir.1983).

11. Describe the structure, purpose, function, and course of conduct of the enterprise.

12. State whether the defendant is an employee, officer, director, or agent of the enterprise; or state the manner in which the defendant associated with the enterprise.

13. Describe how the activities of the enterprise affect interstate commerce. See *U.S. v. Barton*, 647 F.2d 224 (2d Cir.1981).

## RIGHT TO RELIEF UNDER 18 U.S.C. SECTION 1962(c)

■ 14. Describe how the affairs of the enterprise were conducted through the pattern of racketeering activity. See *U.S. v. Webster*, 669 F.2d 185 (4th Cir.1982).

15. Describe how plaintiff was damaged, and how those damages were proximately caused by the RICO violation. See *O'Malley v. O'Neill*, 887 F.2d 1557 (11th Cir.1989).

## RIGHT TO RELIEF UNDER 18 U.S.C. SECTION 1962(d)

■ 16. Describe the alleged agreement to perform at least two of the predicate acts. See *Barton*, 647 F.2d 224 (2d Cir. 1981).

17. Describe how the plaintiff was damaged, and how those damages were proximately caused by the conspiracy to violate RICO. See *O'Malley*, 887 F.2d 1557 (11th Cir.1989).

## SOURCE OF FACTS

■ 18. State the names of any witnesses relied upon for each of the preceding factual allegations.

19. Provide a list of documents relied upon for each of the preceding factual allegations.

## CERTIFICATION

An attorney of record or Plaintiff *pro se* shall certify, pursuant to Rule 11, Fed. R.Civ.P., that "to the best of the signer's knowledge, information, and belief formed after *reasonable inquiry* it is *well ground-*

*ed in fact* and is warranted by existing law." Accordingly it is

ORDERED that the motion to dismiss, as explicated above be Granted. Since Count VI was voluntarily dismissed but no request was made to amend the count, the Count shall be dismissed with prejudice. Concerning the other counts which Plaintiff requests leave to amend, Plaintiff shall have ten (10) days from this date to file its third and final amended complaint and response to RICO order. The Court reserves ruling on the assessment of sanctions pending Defendants' request for amount of sanctions and response thereto. Defendants shall have ten (10) days from the date of the filing of the Third Amended Complaint to file a motion on the amount of attorney's fees requested; and Plaintiff shall have five (5) days from Defendant's filing of the amount requested for attorney's fees to file a response to the amount of attorney's fees requested.

DONE AND ORDERED.