**GULFSIDE DISTRIBUTORS, INC., Plaintiff–Appellant,**

v.

**BECCO, LTD., d/b/a Dribeck Importers, Inc., Defendant–Appellee.**

No. 91–4137.

United States Court of Appeals, Eleventh Circuit.

March 5, 1993.

Thomas T. Steele, Tampa, FL, for plaintiff-appellant.

Samuel N. Frankel, Atlanta, GA, Ronald L. Barnard, Barnard & Forgman, Ltd., Chicago, IL, for defendant-appellee.

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

ANDERSON, Circuit Judge:

Plaintiff-appellant Gulfside Distributors, Inc., appeals from the district court's entry of summary judgment in favor of defendant-appellee Becco, Ltd. For the reasons that follow, we affirm the district court's order.

## FACTS AND PROCEDURAL HISTORY

From 1964 until December 31, 1988, Driskill, Inc. d/b/a Dribeck Importers, Inc. ("Old Dribeck"), imported Beck's-brand beer pursuant to a license from the German brewer of the beer ("Beck's–Germany"). In 1983, the president of Old Dribeck signed a contract with Beck's–Germany which provided that Beck's–Germany would assume the operations of Old Dribeck, and would acquire certain assets, liabilities, and Old Dribeck's trade name, by September 30, 1990. In 1984, Gulfside Distributors, Inc. ("Gulfside"), which was unaware of the 1983 agreement between Beck's–Germany and Old Dribeck, became the distributor of Beck's beer in Florida's Pinellas and West Pasco counties pursuant to an oral agreement with Old Dribeck.

On December 30, 1988, Gulfside's trucks were loaded with Beck's beer under the preexisting agreement with Old Dribeck. On December 31, 1988, Beck's–Germany acquired Old Dribeck's operation through Becco, Ltd., a subsidiary of Beck's–Germany. On January 2, 1989, Gulfside began delivering the previously loaded cases of beer. The same day, Gulfside was notified that Old Dribeck no longer possessed the right to import Beck's-brand products and that the new importer, Becco, would appoint its own wholesaler to distribute Beck's beer.

On December 28, 1989, Gulfside filed its complaint against Becco in the United States District Court for the Middle District of Florida, alleging that Becco had terminated Gulfside's Beck's beer distributorship in violation of Fla.Stat. § 563.022, the Florida beer distribution statute. In its answer Becco asserted, among other

things, that application of the Florida beer distribution statute to Gulfside's preexisting distributorship agreement with Old Dribeck would violate the prohibition against impairment of contracts set forth in the Florida Constitution.[1] Following discovery, both parties moved for summary judgment on the constitutional issues. The district court granted summary judgment in favor of Becco, holding that Becco was not a "successor manufacturer" as that term is used in the Florida beer distribution statute, and that even if Becco were a "successor manufacturer," application of the procedural requirements of the statute to Gulfside's distributorship with Becco would violate the Florida Constitution's prohibition against impairment of contract rights by impairing the prior distributorship agreement between Gulfside and Old Dribeck. Final judgment was entered on November 18, 1991; this appeal followed.

## DISCUSSION

■ Fla.Stat. § 563.022, which was enacted in 1987, prohibits unfair methods of competition and unfair or deceptive business practices in the manufacture, importation, distribution, sale, wholesaling, and franchising of beer. Gulfside alleges that Becco violated § 563.022(5)(b)(4), which provides that the following shall be deemed a violation of the statute:

> To terminate, cancel, fail to renew, or refuse to continue the franchise or selling agreement of any such distributor without good cause as defined in subsections (7) and (10).

Gulfside argues that Becco is liable as a successor manufacturer pursuant to § 563.-022(16):

> Agreements binding on successor.—A successor to a manufacturer that continues in business as a manufacturer shall be bound by all terms and conditions of each agreement of the manufacturer in effect on the date of succession.

---

1. Article 1, § 10 of the Florida Constitution provides that "No ... law impairing the obligation of contracts shall be passed."

Although the parties did not raise the issue in their summary judgment briefs, the district court held *sua sponte* that Becco was not a successor manufacturer. We disagree with the district court's conclusion that Becco was not a successor to Old Dribeck. After Becco assumed Old Dribeck's operations, it acquired Old Dribeck's trade name and continued its business of importing Beck's beer. Most of Old Dribeck's employees remained with Becco, as did most of Old Dribeck's distributors. Furthermore, Becco adopted Old Dribeck's compensation structure, schedule of benefits, operating procedures, and delivery procedures. Becco's management continued to work with the Beck's distributors exactly as Old Dribeck's management had. Neither party argues that a continuity of *ownership* is required for successor status. It is clear that the district court erred in this regard.

■ In the alternative, the district court concluded that even if Becco were considered the successor of Old Dribeck, Florida's constitutional provision against the impairment of contracts rendered the 1987 statute inapplicable to the contract between Gulfside and Old Dribeck, which was entered into before the statute took effect. We agree. Cases interpreting Florida law have consistently held the application of § 563.022 and similar statutes to contracts existing prior to the enactment of the statutes to be unconstitutional. In *Park Benziger & Co. v. Southern Wine & Spirits, Inc.*, 391 So.2d 681 (Fla.1980), the Florida Supreme Court held that Fla.Stat. § 565.095(5), which prescribes the procedure to be followed when a manufacturer withdraws a particular brand or label from a distributor, could not be applied to a preexisting oral contract that was terminable at the will of either party. As the Court noted:

> If the statute were applied here, the contract originally terminable at the will of either party would become one in which one party (the supplier) could terminate only upon a showing of good cause to an administrative agency.

*Id.* at 684. In *Gans v. Miller Brewing Co.*, 560 So.2d 281 (Fla.App.) *review denied*, 574 So.2d 140 (Fla.1990), the Florida Court of Appeals held that enforcement of § 563.022 to penalize a party who exercised rights pursuant to a written contract that predated the passage of the statute would violate the contracts clause of the Florida Constitution. Likewise, in *Geary Distributing Co. v. All Brand Importers, Inc.*, 931 F.2d 1431 (11th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 971, 117 L.Ed.2d 136 (1992), this circuit held that retroactive application of § 563.022 to an oral contract entered into before the statute's enactment would violate the Florida Constitution's contracts clause.

We do not believe that Florida courts would evaluate the present case any differently. Application of § 563.022 to the preexisting contract between Gulfside and Old Dribeck is prohibited by the Florida Constitution.

■ Gulfside argues that a new contract between Gulfside and Becco was created on December 31, 1988, when Becco purchased Old Dribeck's assets and assumed its liabilities, and that such new contract was made in legal contemplation of then-existing law, which became as much a part of the contract as if it were expressly referred to and incorporated into the contract. *Southern Crane Rentals, Inc. v. City of Gainesville*, 429 So.2d 771, 773 (Fla.App.1983). Thus, Gulfside argues, there would be no unconstitutional impairment of a contract created subsequent to the passage of § 563.022. Gulfside's argument has no merit. As a successor manufacturer, Becco assumed Old Dribeck's preexisting contractual obligations and is bound to the same extent that its predecessor would be.

· For the foregoing reasons, the district court's entry of summary judgment in favor of appellee Becco, Ltd. is

AFFIRMED.