**ANTHONY DISTRIBUTORS, INC., and Anthony Distributing Company, Inc., Plaintiffs,**

v.

**MILLER BREWING COMPANY, Defendant.**

**No. 94–1176–CIV–T–17.**

United States District Court, M.D. Florida, Tampa Division.

April 4, 1995.

---

· Claude Hines Tison, Jr., Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for plaintiffs.

A. Broaddus Livingston, Matthew D. Allen, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, Michael W. Youtt, Dwight J. Davis, King & Spalding, Atlanta, GA, Sylvia Hardaway Walbolt, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, FL, L. Joseph Loveland, King & Spaulding, Houston, TX, for defendants.

### ORDER ON DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S MOTION FOR ORAL ARGUMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the Defendant's Motion to Dismiss the Amended Complaint (Docket No. 10), Defendant's Memorandum in Support and Plaintiffs' Response (Docket Nos. 11 and 24), and Defendant's Motion for Oral Argument on Its Motion to Dismiss (Docket No. 27).

### I. HISTORY

On July 26, 1994, Plaintiffs Anthony Distributors, Inc. and Anthony Distributing Company, Inc. (hereinafter Plaintiffs) filed a seven (7) count complaint against Defendant Miller Brewing Company alleging violations of federal antitrust law, breach of contract,

and tort claims arising out of Plaintiffs' status as exclusive distributors of Defendant's products in Pinellas and Hillsborough Counties. Plaintiffs requested a jury trial, injunctive relief and money damages. Plaintiffs later amended their complaint to include thirteen (13) counts. Defendant Miller Brewing Company moved to dismiss the amended complaint. Defendant moved for oral argument on its Motion to Dismiss to attempt to clarify the diverse and complex legal theories addressed in Plaintiffs' complaint.

The following facts are asserted and are relevant to the issues before the court. Ill will between the parties began in 1991, when market fluctuations caused consumers in Plaintiffs' distribution areas to become more price conscious. Plaintiffs' historically satisfactory profit margin was affected as local consumers shifted to below-premium and budget beers. Defendant did not reduce the retail price of these below-premium and budget beers to match competitors' prices, which resulted in a loss of Plaintiffs' market share.

In 1992, Defendant devised a plan to make it more competitive with its rival Anhueser–Busch by increasing its distribution areas, which would result in having fewer distributors. Defendant negotiated with Plaintiffs in a failed attempt to buy back Plaintiffs' distribution rights. Defendant then implemented a plan known as "Feet on the Street" (FOS) to assist Plaintiffs in improving their profit margin. Plaintiffs allege that Feet on the Street was actually designed to interfere with Plaintiffs' relationships with their customers, damage Plaintiffs' reputation, and further impair Plaintiffs' profit margin. To facilitate the claimed adversarial goal of Feet on the Street, Defendant allegedly committed criminal acts. Plaintiffs claim that Defendant's conduct, allegedly designed to expedite the termination of Plaintiffs' distribution agreement, was tortious, criminal and a breach of contract.

## II. MOTION FOR ORAL ARGUMENT

■ Defendant requested oral argument on its Motion to Dismiss pursuant to Local Rule 3.01(d) (misidentified as Rule 3.05 in Defendant's motion). According to the rule, the decision to grant a party's motion for oral argument is left to the court's discretion. A party requesting oral argument "shall estimate the time required for argument." Local Rule 3.01(d). Defendant did not state an estimated time. Additionally, this Court finds that Plaintiffs and Defendant have adequately addressed all issues in their Memoranda in Support or in Response to Defendant's Motion to Dismiss. To expedite its business pursuant to Federal Rule of Civil Procedure 78, this Court hereby DENIES Defendant's Motion for Oral Argument.

## III. MOTION TO DISMISS

■ In reviewing a motion to dismiss, the court is required to view the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F.Supp. 572 (M.D.Fla.1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Such a motion should be granted only where the plaintiff can prove no set of facts upon which relief could be granted. *National Organization for Women v. Scheidler*, —— U.S. ——, ——, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 71–73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

## COUNT I: ANTITRUST VIOLATION DUE TO DEALER TERMINATION

In Count I, Plaintiffs allege that the actions of Defendant violated § 1 of the Sherman Act, 15 U.S.C. § 1, which prohibits conspiracies in restraint of trade. Plaintiffs claim that Defendant conspired with wholesale distributors of Miller and other products in an effort to restrain trade by forcing Plaintiffs out of business.

■ "Every manufacturer has a natural monopoly in the sale of his own products" which does not violate antitrust laws. *Parsons v. Ford Motor Co.*, 669 F.2d 308, 312 (5th Cir.1982), *cert. denied*, 459 U.S. 832, 74 L.Ed.2d 72 (1982). It has long been held that to protect a manufacturer's natural monopoly, the manufacturer may terminate a dealer or distributor without violating the Sherman Act. *Ace Beer Distributors v.*

*Kohn,* 318 F.2d 283 (6th Cir.1963), *cert. denied,* 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 166 (1963). Termination does not violate the act, even if the termination is the result of an agreement with a prospective new dealer. *Joseph E. Seagram & Sons v. Hawaiian Oke & Liquors, Ltd.,* 416 F.2d 71 (9th Cir.1969), *cert. denied,* 396 U.S. 1062, 90 S.Ct. 752, 24 L.Ed.2d 755 (1970). Cases following *Hawaiian Oke* have clarified the holding. The court in *Golden Gate Acceptance Corp. v. General Motors Corp.,* 597 F.2d 676 (9th Cir.1979), stated the rule as:

> [I]t is not a violation of the Sherman Act for a manufacturer to conspire with others to simply switch distributors at one of its exclusive franchises and to cease doing business with a former dealer. Thus, as a matter of law, the [former distributors'] antitrust charges failed to state a claim under the Sherman Act.

*Id.* at 678–79.

A manufacturer's decision to protect its natural monopoly by terminating a distributor does not rise to a violation of the Sherman Act even if the distributor performed satisfactorily in the past. *Marquis v. Chrysler Corp.,* 577 F.2d 624, 640 (9th Cir.1978). To state a claim for anti-trust violations, the complaint must allege that the manufacturer's activity will significantly restrict competition in the product's marketplace. *Weight–Rite Golf Corp. v. U.S. Golf Ass'n,* 766 F.Supp. 1104, 1109–10 (M.D.Fla.1991) ("showing mere injury to oneself as a competitor is insufficient").

■ Defendant Miller Brewing, like the Ford Motor Company, has a natural monopoly over its own products. Defendant's actions to protect that natural monopoly by allegedly targeting Plaintiffs for termination, negotiating with Plaintiffs to repurchase Plaintiffs' distributorship rights, and negotiating with other distributors to possibly take over Plaintiffs' territory, do not violate antitrust laws. Plaintiffs' allegations of prior satisfactory performance cannot act to bar Defendant's decisions related to its own product.

Furthermore, the parties agreed that certain rights were retained by Defendant. The distributor agreement expressly states "Mil-

ler reserves the *unqualified right to manage and conduct its business in all respects* and shall be free at all times ... to make all other decisions concerning the conduct of Miller's business." Plaintiffs' Amended Complaint, Exhibit A, § 11(b) at p. 7 (emphasis added). Defendant's targeting Plaintiffs for termination was not intended to reduce market competition but to enhance it, by making Defendant more competitive with Anhueser–Busch. Plaintiffs' Amended Complaint ¶ 18 at p. 7. Plaintiffs allege mere injury to themselves without showing an adverse impact on the marketplace. Therefore, Defendant acted in accord with both the law and the terms of the distributorship agreement. Plaintiffs allegations, accepted as true, fail to state a cause of action for antitrust violations and Count I is DISMISSED.

## COUNT II: INTERFERENCE WITH BUSINESS RELATIONSHIPS

■ Count II alleges that Defendant interfered with Plaintiffs' relationships with their customers. Defendant argues that Count II asks for relief that would be available under a breach of contract claim and, therefore, is barred by the economic loss rule. However, where a defendant's conduct constitutes a tort independent of a breach of contract claim, the plaintiff may seek tort damages. *AFM Corp. v. Southern Bell T. & T. Co.,* 515 So.2d 180 (Fla.1987).

■ Plaintiffs do not allege interference with their contract with Defendant. Plaintiffs do allege that Defendant, through the Feet on the Street program, interfered with Plaintiff's separate contracts with their customers. The distributorship agreement between Plaintiffs and Defendant clearly stated that the distributor was an independent business entity. Plaintiffs Amended Complaint § 18(f) at p. 9. Therefore, Plaintiffs business dealings with their customers were independent of Plaintiffs' contract with Defendant. Plaintiffs' claim of tortious interference is not barred by the economic loss rule and Defendant's Motion to Dismiss Count II is DENIED.

### COUNT III: BREACH OF CONTRACT

Plaintiffs claim Defendant breached its duty to act in good faith and fair dealing in carrying out the parties distributor agreement. Plaintiffs' Amended Complaint ¶¶ 49–50 at p. 20. Defendant seeks dismissal of Count III on the ground that a claim of breach of the duty of good faith and fair dealing is insufficient to state a claim without an accompanying breach of a specific provision of the contract.

Defendant cites to *Burger King Corp. v. Kellogg*, 2 Bus.Franchise Guide (CCH) ¶ 9730, 21,769 (S.D.Fla.1990) and *State v. De Anza Corp.*, 416 So.2d 1173, 1176 (Fla. 5th DCA 1982) in support of its grounds for dismissal. However, Defendant's cited authority does not impose a blanket prohibition on claims for breach of the duty of good faith and fair dealing independent of a claimed breach of a specific contract provision. In *Kellogg*, the court said "the obligation to act in good faith in accordance with a contract cannot stand alone *in this instance.*" *Kellogg* at 21,770 (emphasis added). The court in *De Anza* did not recognize a breach of the duty of good faith and fair dealing "at least *where a wrongful dismissal is claimed.*" *De Anza* at 1164 (emphasis added).

A cause of action for a breach of the duty of good faith and fair dealing has been recognized by the courts. *Scheck v. Burger King Corp.*, 798 F.Supp. 692 (S.D.Fla.1992). In *Scheck*, the court stated

> [A] contract includes not only its written provisions, but also the terms and matters which, though not actually expressed, are implied by law, and these are as binding as the terms which are actually written or spoken.... One such implied term of a contract, recognized by Florida law, is the implied covenant of good faith and fair dealing....

*Id.* at 693–94. Furthermore, although Plaintiffs did not expressly allege a breach of a specific contract provision in Count III, Plaintiffs did allege breaches of §§ 7, 8 and 18(f) of the agreement throughout their complaint. (See discussion of Count VII: Civil Remedies for Criminal Practices—Theft *infra.*) While the allegations regarding §§ 7, 8 and 18(f) of the distributor agreement may not state a claim for civil theft, the allegations do state a claim for breach of contract. Plaintiffs' Count III states a claim for breach of the duty of good faith and fair dealing. This Court grants Plaintiffs leave to amend the complaint to include the breaches of specific contract provisions in this count. Defendant's Motion to Dismiss Count III is DENIED.

### COUNT IV: BREACH OF PARTNERSHIP AGREEMENT

Plaintiffs, in discussing Count IV, argue that the parties entered into an oral partnership agreement, while at the same time claiming they have no contractual remedy because the agreement was not reduced to writing. If, in fact, a partnership was created by the parties' conduct, representations and written acknowledgements, either party could seek relief for the breach of the agreement or for tortious interference with the contract. See *Sierra Wine & Liquor Co. v. Heublein, Inc.*, 626 F.2d 129, 132–33 (9th Cir.1980) (plaintiff, a terminated wine distributor who had an oral distribution agreement, prevailed on breach of contract claim but defendant prevailed on motion for summary judgment regarding tortious interference claim).

However, in the contracts included in Plaintiffs' original and amended complaints, the parties clearly agreed in section 18(f) that "Distributor acknowledges that it *is, and shall remain, an independent business entity. Miller and Distributor are not joint venturers or partners,* and neither may act as the agent, employee, or fiduciary of the other." Plaintiffs' Amended Complaint, Exhibit A at p. 9 (emphasis added). Due to the express language of the written contracts creating the distributorship, Plaintiffs' Count IV fails to state a cause of action for breach of a partnership agreement and Count IV is DISMISSED.

### COUNT V: BREACH OF FIDUCIARY DUTY

Plaintiffs allege that Defendant owed Plaintiff a fiduciary duty. The majority view

of courts having addressed the issue is that the parties to a distributor agreement stand at arms length and no fiduciary duty exists. *Burger King Corp. v. Austin*, 2 Bus.Franchise Guide (CCH) ¶ 9731, at 21,774 (S.D.Fla. 1990) (citing cases from the Fifth, Sixth, Eighth and Ninth Circuits).

■ The majority view was embraced in the parties own contract. Again referring to the parties' Distributor Agreement, Plaintiffs agreed that "Distributor acknowledges that it is, and shall remain, an independent business entity.... and *neither may act as the ... fiduciary* of the other." Plaintiffs' Amended Complaint, Exhibit A at p. 9 (emphasis added). The parties agreed that neither owed a fiduciary duty to the other. Due to the express agreement between the parties, Plaintiffs' Count V fails to state a cause of action for breach of fiduciary duty. Defendant's Motion to Dismiss as to Count V is GRANTED.

### COUNT VI: VIOLATION OF STATUTORY DUTY

Plaintiffs also claim to qualify for relief due to Defendant's alleged violation of Florida Statute 563.022, entitled "Relations between Beer Distributors and Manufacturers." Plaintiffs allege that Defendant's conduct violated sections 563.022(4) and (5)(a). Defendant moves for dismissal of Count VI solely on the ground that the statute cannot be retroactively applied to the parties' contract. The statute was enacted in 1987. The parties entered into their distributor agreements in 1983. Plaintiffs' Amended Complaint, Exhibits A at p. 10 and B at p. 10. .

■ Florida's Beer Distributor statute cannot be retroactively applied to contracts already in existence at the time the statute was enacted. *Gulfside Distributors, Inc. v. Becco, Ltd.*, 985 F.2d 513, 514–15 (11th Cir.1993); *Geary Distributing Co. v. All Brand Importers, Inc.*, 931 F.2d 1431, 1434–36 (11th Cir.1991); *Gans v. Miller Brewing Co.*, 560 So.2d 281, 282–83 (Fla. 4th DCA 1990). Retroactive application of the statute would violate the Florida Constitution. Fla. Const. art. I, § 10 (prohibiting impairment of contracts). Plaintiffs argue

that the distributor agreements have been materially altered since they were signed in 1983. Plaintiffs' Response to Defendant's Motion to Dismiss at p. 20. However, Plaintiffs failed to plead any such alteration and included only the 1983 agreements in their complaint. In their response, Plaintiffs requested the opportunity to amend the complaint to include an allegation of post-statute modification. This Court, pursuant to Federal Rule of Civil Procedure 15(a), grants Plaintiffs ten (10) days to amend their complaint. The Motion to Dismiss this count is GRANTED with leave to amend.

### COUNT VII: CIVIL REMEDIES FOR CRIMINAL PRACTICES—THEFT

■ Plaintiffs also allege that Defendant's conduct is actionable under a claim of civil theft. To obtain relief for civil theft, the alleged conversion must be independent from any damages Plaintiffs may have under their contract with Defendant. *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 510 So.2d 899 (Fla.1987) (adopting the "economic loss rule"). "If Plaintiffs seek to avail themselves of the remedies provided by a purported contract, they cannot simultaneously disavow the limitations of that relationship." *Leisure Founders, Inc. v. CUC International, Inc.*, 833 F.Supp. 1562, 1573 (S.D.Fla. 1993). In *Leisure Founders*, the court gave an example of a building contractor stealing doors as an illustration of conversion unrelated to the contract. *Id.* at 1574.

The amended complaint describes three (3) possible acts of conversion. Plaintiffs first allege that Defendant attempted to acquire for itself Plaintiffs' distributorships. Plaintiffs' Response to Defendant's Motion to Dismiss at p. 21. Plaintiffs further allege that Defendant deprived Plaintiffs of the right to distribute "Molson Ice," a premium brand of a foreign brewery. Defendant also allegedly caused Plaintiffs to sell excessive quantities of Defendant's own brands that Plaintiffs had to later repurchase and destroy at their own expense.

■ The parties agreed that Plaintiff was an independent business entity. Plaintiffs' Amended Complaint, Exhibit A § 18(f) at p. 7. Plaintiffs' allege that Defendant did not

treat Plaintiffs' as independent, but as integrated. Plaintiffs' Amended Complaint ¶ 15 at p. 5. Plaintiffs also claim Defendant attempted to eliminate Plaintiffs' businesses. Termination of the distributorship is governed by §§ 7–8 of the agreement. Plaintiff's Amended Complaint, Exhibit A at pp. 5–6. Plaintiffs' allegations, accepted as true, state breaches of sections 7, 8 and 18(f) of the parties' contract. Because Plaintiffs allegations state a claim for breach of contract, they do not state a claim of civil theft.

■ Plaintiffs allege that Defendant converted Plaintiffs' rights to distribute Molson products. Plaintiffs contracted with Defendant to become the exclusive distributors of Miller products in Pinellas and Hillsborough Counties. Defendant concedes that the right to distribute the Molson brand is not related to Plaintiffs' contract to distribute Miller products. However, Plaintiffs allege that Defendant, in a separate oral agreement, promised the rights to distribute Molson Ice to Plaintiffs, but instead awarded these rights to a competitor. Accepting Plaintiffs' allegations as true, Plaintiffs had no property interest in the Molson brand outside of Defendant's promise. Defendant's failure to award the Molson distribution rights to Plaintiffs is a breach of that separate agreement. Plaintiffs therefore fail to state a claim for civil theft related to the rights to distribute Molson Ice.

Regarding rights to distribute Miller brands, Plaintiffs' contract with Defendant allocated the risk of destroying outdated product to Plaintiffs. The risk was allocated to Plaintiffs because Plaintiffs, as independent business entities under the distribution agreement, would be negotiating with their customers the amount they would sell to their customers. Here, Defendant allegedly intervened in Plaintiffs' independent sales negotiations and caused excessive amount to be sold.

■ Plaintiffs are not disavowing any limitations under their distributor agreement with Defendant. Plaintiffs allegations imply that Plaintiffs possessed property rights in their contracts with their customers, and that Defendant converted these property rights for Defendant's own use. Defendant's actions were independent of Defendant's rights or obligations under the distribution contract, similar to the contractor's independent act of stealing doors. Plaintiffs therefore state a claim for civil theft and Defendant's Motion to Dismiss Count VII is DENIED.

## COUNT VIII: DEFAMATION

Plaintiffs claim that statements made by Defendant's representatives during the Feet on the Street program were defamatory. Defendant moves to dismiss on the grounds that Plaintiff can identify only one specific statement and that the identified statement is opinion and therefore not actionable.

■ There is no absolute rule for determining what words are, and what words are not, actionable. 19 Fla.Jur.2d § 41. However, words which injuriously affect the profession, business, or employment of another by imputing to him a want of capacity or fitness for engaging therein are actionable per se, even though they do not defame the person in the ordinary sense. *Id.* at § 34 at p. 358. Hence, a communication which imputes to another conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, is actionable per se. *Id.* at § 31.

■ Plaintiffs allege statements that are actionable per se. In ¶ 27(a), Plaintiffs claim "Under the guise of making market surveys, [Miller's 'Feet on the Street' representatives] repeatedly stated to plaintiff's customers that MILLER lacked confidence in plaintiffs' management and made other statements calculated to damage plaintiffs' profits and ability to serve their customers." Plaintiffs' Amended Complaint at p. 10. These statements imply that Plaintiffs are unfit to engage in Plaintiffs' businesses. Therefore, Plaintiffs state a claim for defamation and Defendant's Motion to Dismiss as to Count VIII is DENIED.

## COUNT IX: BREACH OF JOINT VENTURE AGREEMENT

■ Plaintiffs assert that Count IX is not a breach of contract claim. They do so be-

cause the alleged joint venture agreement (creating the Feet on the Street program) was oral and was never memorialized in writing. However, Plaintiffs' reasoning here fails for the same reasons as in Count IV, *supra.* Plaintiffs agreed, in signing the distributorship contracts, that they were not entering a joint venture agreement. Therefore, Count IX fails to state a cause of action and is DISMISSED.

## COUNT X: BREACH OF FIDUCIARY DUTY

■ Count X of Plaintiffs' Complaint differs from the Count V Breach of Fiduciary Duty in that Plaintiffs allege that each oral agreement created a separate fiduciary duty on the part of the Defendant. Count X asserts that Defendant owed a fiduciary duty to Plaintiffs based on the oral joint venture agreement. Again referring to the parties' Distributor Agreement, Plaintiffs agreed that "Distributor acknowledges that it is, and shall remain, an independent business entity.... and *neither may act as the ... fiduciary* of the other." Plaintiffs' Amended Complaint, Exhibit A at p. 9 (emphasis added). The parties agreed that neither owed a fiduciary duty to the other. Therefore, just as in Count V, Plaintiffs fail to state a claim for breach of fiduciary duty and Defendant's Motion to Dismiss as to Count X is GRANTED.

## COUNT XI: ACCOUNTING

■ Based on the allegations in Counts IX and X, Plaintiff asks for an accounting of all funds expended by the parties during the "Feet on the Street" program. Equity jurisdiction to obtain an accounting may rest upon existence of a fiduciary or trust relationship. *Parliament Insurance Co. v. Hanson,* 676 F.2d 1069 (5th Cir.1982). However, the parties agreed that neither was the fiduciary of the other and the Court has made that determination in this Order. Plaintiffs' Amended Complaint, Exhibit A at p. 9. Therefore, Plaintiffs fail to state a cause of action for an accounting and Defendant's Motion to Dismiss Count XI is GRANTED.

## COUNT XII: INTIMIDATION AND HARASSMENT OF WITNESSES

■ Plaintiffs allege that Defendant committed criminal acts during its Feet on the Street program, which made Defendant the focus of an investigation by the Florida Division of Alcoholic Beverages & Tobacco (Florida DABT). Plaintiffs were witnesses or potential witnesses in the Florida DABT investigation. Defendant's decision to deny Plaintiffs the right to distribute Molson Ice was allegedly intended to intimidate Plaintiffs from revealing information to the Florida DABT investigators or to punish Plaintiffs for any information they may have already revealed. Intimidating witnesses violates 18 U.S.C. §§ 1512 and 1513 and Florida Statutes §§ 914.22 and 914.23. Plaintiffs therefore claim to be entitled to relief in the form of compensatory, exemplary and punitive damages.

■ Civil relief for a violation of the statutes is described in 18 U.S.C. § 1514 and Florida Statute § 914.24. Under either statute, Plaintiff cannot be granted the relief requested. Neither statute provides for an award of compensatory damages. Florida law allows a circuit court to issue a temporary restraining order prohibiting harassment of a witness in a state case. Fla.Stat. § 914.24. However, the state attorney is the party authorized to request such relief on behalf of the witness. *Id.* Therefore, this Court is without jurisdiction to grant relief for this violation of Florida state law and Plaintiffs are without standing to request such relief. Federal law similarly allows a district court to issue a temporary restraining order to protect witnesses in federal cases. 18 U.S.C. § 1514. Plaintiffs are witnesses in a Florida investigation. Therefore, this Court cannot grant the requested relief. Plaintiffs' Count XII is DISMISSED.

## COUNT XIII: CIVIL REMEDIES FOR CRIMINAL PRACTICES—RICO

Defendant attacks the sufficiency of Count XIII of Plaintiffs' Amended Complaint on two grounds. First, Defendant claims that Plaintiffs fail to plead an underlying predi-

cate criminal act. Second, Defendant claims that Plaintiffs do not allege a pattern of criminal activity.

■ Florida's RICO statute specifies certain acts which qualify as predicate acts. The statute lists violations of "Chapter 817, relating to fraudulent practices ... Section 914.22 or s. 914.23, relating to witnesses, victims or informants." Fla.Stat. § 772.102(1)(a)(19) and (30). Plaintiffs' Count XII, supra, is dismissed because Plaintiffs lack standing to request civil relief under the statute. However, Plaintiffs' allegations sufficiently plead the underlying predicate criminal act of witness tampering.

■ Plaintiff also alleges the predicate act of fraud. However, fraud must be plead with particularity. Fed.R.Civ.P.Rule 9(b). Specificity is required when alleging fraud because of the high risk of damaging a party's reputation. *O'Rear v. American Family Life Assurance Co.*, 139 F.R.D. 418, 420 (M.D.Fla.1991). To meet the requirement, "Plaintiffs should specifically identify the individuals who made the alleged misrepresentations, the time of the alleged fraud and the place of the alleged fraud." *Id.* In addition to dates, times and names, Plaintiff should also quote or paraphrase the alleged fraudulent misrepresentations made by Defendant. *Id.*

■ Plaintiffs complaint fails to allege fraud with sufficient particularity. Many of Plaintiffs' allegations begin with the phrase "in or about" and go on to specify a year. Plaintiffs failed to narrow the time frame to include a month and day. Plaintiffs name only one individual, Elizabeth Climo, who made one misrepresentation. Plaintiffs complaint fails to specify the other individuals involved and the exact misrepresentations those individuals made on behalf of Defendant. Because Plaintiffs have sufficiently plead one predicate act, this Court will not dismiss this count based on Plaintiffs' failure to specifically plead fraud. Plaintiffs are granted ten (10) days leave to amend the allegations concerning fraud to include specific dates, times, individuals and statements made.

■ Defendant claims that Plaintiffs' allegations fail to state a pattern of criminal activity because Defendant's acts arise under one contract with Plaintiffs. Florida's RICO statute states "For the purposes of this Chapter, the term "pattern of criminal activity" shall not include two or more incidents of fraudulent conduct *arising out of a single contract* or transaction against one or more related persons." Fla.Stat. § 772.102(4) (emphasis added). Defendant ignores the fact that there are two Plaintiffs, each with their own contract. Plaintiffs' Amended Complaint, Exhibits A and B. Because there are two contracts, Plaintiffs' claim is sufficient under the statute. *Colonial Penn Insurance Company v. Value Rent–A–Car, Inc.*, 814 F.Supp. 1084, 1097 (S.D.Fla.1992). Defendant's Motion to Dismiss Count XIII is DENIED. Accordingly, it is

**ORDERED** that Defendant's Motion for Oral Argument (Docket No. 27) be **DENIED.** Defendant's Motion to Dismiss (Docket No. 10) be **GRANTED** in part and **DENIED** in part; Counts I, IV, V, IX, X, XI, and XII be **DISMISSED,** but the motion to dismiss Counts II, III, VII, VIII and XIII be **DENIED.** Plaintiffs shall have ten (10) days from this date to amend Count VI, to allege post-statute modification of the distributor agreement; Count III, to include breaches of specific contract provisions; and Count XIII, to meet the specificity requirements of pleading fraud under Federal Rule of Civil Procedure 9(b). Failure to amend Count VI will result in that Count being completely dismissed from the cause of action, but failure to amend Counts III and XIII within ten (10) days will not result in dismissal, but will require that Plaintiffs proceed, at their peril, only on a claim of a breach of the duty of good faith in Count III, and only on the predicate act of witness tampering in Count XIII.

DONE AND ORDERED.