**ANTHONY DISTRIBUTORS, INC., and Anthony Distributing Company, Inc., Plaintiffs,**

v.

**MILLER BREWING COMPANY, Defendant.**

No. 94–1176–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

June 5, 1995.

Claude Hines Tison, Jr., Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for Anthony Distributors, Inc. and Anthony Distributing Co., Inc.

A. Broaddus Livingston, Matthew D. Allen, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, Dwight J. Davis, King & Spalding, Atlanta, GA, Sylvia Hardaway Walbolt, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., St. Petersburg, FL, and Michael W. Youtt and L. Joseph Loveland, King & Spalding, Houston, TX, for Miller Brewing Co.

## ORDER ON PLAINTIFFS MOTION FOR RECONSIDERATION OR FOR LEAVE TO AMEND AS TO CERTAIN COUNTS

KOVACHEVICH, District Judge.

This cause is before the Court on the Plaintiffs' Motion for Reconsideration or Leave to Amend as to certain Counts. (Docket No. 10) and response thereto.

### I. FACTS

The following facts are asserted and are relevant to the issues before the Court. Ill will between Anthony Distributors, Inc. and Anthony Distributing Company, Inc. and Miller Brewing Company began in 1991, when market fluctuations caused consumers in Plaintiffs' distribution areas to become more price conscious. Plaintiffs' historically satisfactory profit margin was affected as local consumers shifted to below-premium and budget beers. Defendant did not reduce the retail price of these below-premium and budget beers to match competitors' prices, which resulted in a loss of Plaintiffs' market share.

In 1992, Defendant devised a plan to make itself more competitive with it's rival Anhueser–Busch by increasing it's distribution areas, which would result in having fewer distributors. Defendant negotiated with Plaintiffs in a failed attempt to buy back Plaintiffs' distribution rights. Defendant then implemented a plan referred to as "Feet on the Street" (FOS) to assist Plaintiffs in improving their profit margin. Plaintiffs allege that "Feet on the Street" was actually designed to interfere with Plaintiffs' relationships with their customers, damage Plaintiffs' reputation, and further impair Plaintiffs' profit margin. To facilitate the claimed adversarial goal of "Feet on the Street", Defendant allegedly committed criminal acts. Plaintiffs claim that Defendant's conduct, allegedly designed to expedite the termination of Plaintiffs' distribution agreement, was tortious, criminal, and a breach of contract.

### II. PROCEDURAL HISTORY

On July 26, 1994, Plaintiffs, Anthony Distributors, Inc. and Anthony Distributing Company, Inc., filed a seven (7) count complaint against Defendant Miller Brewing Company alleging violations of federal antitrust law, breach of contract, and tort claims arising out of Plaintiffs' status as exclusive distributors of Defendant's products in Pinellas and Hillsborough Counties. Plaintiffs requested a jury trial, injunctive relief and money damages. Plaintiffs later amended their complaint to include thirteen (13) counts. Defendant Miller Brewing Company moved to dismiss the amended complaint. Defendant moved for oral argument on its Motion to Dismiss to attempt to clarify the diverse and complex legal theories addressed in Plaintiffs' complaint. On April 4, 1995 the Court denied Defendant's Motion for Oral Argument and granted in part and denied in part Defendant's Motion to Dismiss. Plaintiffs' moved for Motion for Rehearing or in the alternative for Leave to Amend as to certain Counts, 882 F.Supp. 1024.

### III. MOTION FOR RECONSIDERATION

■ A Motion for Reconsideration should raise new issues, not merely readdress issues previously litigated. *Government Personnel*

*Services, Inc. v. Government Personnel Life Insurance Co.,* 759 F.Supp. 792, 793 (M.D.Fla.1991.) The moving party must demonstrate why the Court should reconsider its prior decision by presenting "facts or law of strongly convincing nature to induce the Court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D.Fla.1993).

■ In support of its motion, Plaintiffs specifically argue that they have met the pleading requirement for an anti-competitive purpose in a dealership termination case. The Plaintiffs propose to add a more thorough explanation of that anti-competitive purpose and its restraint upon competition. Further, the Plaintiffs argue that a fiduciary duty may arise not withstanding the existence of a partnership and propose to add to their second amended complaint a detailed explanation of that theory and supporting caselaw. Finally, the Plaintiffs contend that "Feet on the Street" was a joint venture, which was completely separate and distinct from the Distributor Agreements, requiring both parties to contribute capital and assume obligations. As such, Plaintiffs argue a fiduciary duty was owed.

In response to the Plaintiffs argument, the Defendant contends that the Plaintiffs' anti-competitive purpose argument disregards this Courts Order based upon a long line of cases holding that "suppliers have a natural monopoly in their own products". *Parsons v. Ford Motor Co.,* 669 F.2d 308, 312 (5th Cir.1982) *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982). Therefore a manufacturer may terminate a dealer or distributor without violating the Sherman Act. *Ace Beer Distributors v. Kohn,* 318 F.2d 283 (6th Cir.1963) *cert. denied,* 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 166 (1963). Further the Defendant argues that Plaintiffs ignore the express terms of the parties Distributor Agreements which preclude the existence of a fiduciary duty. Finally, the Defendant contends that "Feet on the Street" was not a joint venture, but rather a program conducted as part of and pursuant to the business relationship created by the Distributor Agreement.

This Court does not believe it is necessary to reconsider the Anti-trust Count. This issue has been raised in previous pleadings and was sufficiently addressed in this Court's order of April 4, 1995. (Docket No. 57) Furthermore, that order addressed and disposed of the issues concerning the existence a fiduciary duty or joint venture relying on a long line of cases which propose that "parties to a distributor agreement stand at arms length and no fiduciary duty exists". *Burger King Corp. v. Austin,* 2 Bus. Franchise Guide (CCH) ¶ 9731 at 21, 774, (S.D.Fla.1990) (citing cases from Fifth, Sixth, Eighth and Ninth Circuits). Finally, the "Feet on the Street" program arose due to the "Distributor Agreement" and Plaintiffs agreed, in signing the distributor contracts, that they were not entering a joint venture agreement. Therefore, (FOS) may not be considered a joint venture.

This Court finds that Plaintiffs motion does not "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision". The Plaintiffs merely try to reargue issues already decided.

## IV. MOTION FOR LEAVE TO AMEND AS TO CERTAIN COUNTS

■ A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, the court's discretion is severely circumscribed. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. Therefore, because "this mandate is to be heeded", there must be a "justifying reason" for a court to deny leave. *Id.;* see also *Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 443 (11th Cir.1985) ("substantial reason" needed).

■ In *Foman,* the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Foman,* 371

U.S. at 182, 83 S.Ct. at 230. In the case at hand, the defendant argues that the Court should deny the Plaintiffs' motion for leave to amend as to certain counts because the proposed amended complaint would be futile.

This Court does not believe it is necessary to grant the Plaintiff leave to amend their complaint as to certain counts. These issues have been raised in prior pleadings and were dealt with sufficiently in the April 4, 1995 order. (Docket No. 57) This Court finds that it would be futile to grant leave to amend.

Accordingly, it is

**ORDERED** that Plaintiffs', Anthony Distributors, Inc., and Anthony Distributing Company, Inc., Motion for Reconsideration of the Order Granting in part and Denying in part Defendants Motion to Dismiss (Docket No. 57) and Motion for Leave to Amend as to certain Counts (Docket No. 57) be **denied.**

**DONE and ORDERED.**