**ANTHONY DISTRIBUTORS, INC., and Anthony Distributing Company Inc., Plaintiffs/Counter–Defendants,**

v.

**MILLER BREWING COMPANY, Defendant/Counter–Plaintiff.**

No. 94–1176–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

March 1, 1996.

Claude Hines Tison, Jr., Macfarlane, Ausley, Ferguson & McMullen, Tampa, FL, for Anthony Distributors, Inc., Anthony Distributing Co., Inc.

A. Broaddus Livingston, Sylvia H. Walbolt, Matthew D. Allen, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, Dwight J. Davis, King & Spalding, Atlanta, GA, Michael W. Youtt, L. Joseph Loveland, King & Spalding, Houston, TX, for Miller Brewing Co.

Ronald Keith Cacciatore, Ronald K. Cacciatore, P.A., Tampa, FL, for Doug Wood and Terry Burkardt.

William F. Jung, Black & Jung, P.A., Tampa, FL, for Thomas Blair, Mark Anderson, Thomas Rueckl, Rex Johnson, Donald Luchka and James Dunbar.

David Barnett Weinstein, Williams, Reed, Weinstein, Schifino & Mangione, P.A., Tampa, FL, for Kenneth Amato.

*ORDER ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT ON COUNT VI OF THE CORRECTED SECOND AMENDED COMPLAINT*

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions, responses, and supporting documentation:

1) Plaintiffs' Motion for Partial Summary Judgment, (Docket No. 93)[1], alleging that

1. Plaintiffs' Motion for Partial Summary Judgment (Docket No. 93) also included a motion for

Florida Statute § 563.022 applies to the distributor agreements between the parties as alleged in Count VI, specifically, paragraphs 66 & 67, of Plaintiffs' Corrected Second Amended Complaint. (Docket No. 85)

2) Defendant/Counter–Plaintiff's Response and Cross Motion for Summary Judgment on Count VI of the Corrected Second Amended Complaint, (Docket No. 103) filed November 13, 1995.

3) Memorandum of Plaintiffs/Counter–Defendants in Opposition to Motion of Defendant/Counter–Plaintiff for partial summary judgement, filed December 1, 1995. (Docket No. 107)

## STANDARD OF REVIEW

A motion for summary judgment should only be entered where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Furthermore, the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held:

> [T]he plain language of Fed.R.Civ.P. 56(c) mandates summary judgment after adequate time for discovery and upon motion against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial.

*Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court further held that the non-moving party must go beyond the pleadings, pursuant to Rule 56(e), to establish whether there are specific facts showing that a genuine issue for trial exists. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

Summary Judgment against Defendant/Counter–Plaintiff's Twenty–First Affirmative Defense, as stated in Defendant Miller Brewing Company's Amended Answer to Plaintiffs' Corrected Second Amended Complaint and Second Amended Counterclaim. (Docket No. 86) This portion of the motion is moot, Defendant Miller Brewing Compa-

## FINDINGS OF FACT AND RELEVANT PROCEDURAL HISTORY

The following facts, as to which there is no genuine issue, are pertinent to the Court's consideration of the motions:

1. On May 1, 1983, the parties entered into distributor agreements which remain in effect today.

2. These agreements grant Anthony the exclusive right to distribute Miller's products bearing their registered trademark in the Tampa–St. Petersburg area markets.

3. These agreements require that no changes be made in the control of the distributor's business unless distributor obtains Miller's prior written approval. These agreements define a change in the control of the distributors business as any change in the ownership interest which has the legal or practical effect of transferring the power to determine the distributor's business policies. These agreements specifically include the transfer or sale of 10% or more of the voting stock as a change in the control of the distributor's business.

4. In June 1987, Florida Statute § 563.022, which regulates relations between beer distributors and manufacturers, became effective.

5. In November 1988, Anthony S. Italiano, after asking for and receiving Miller's permission transferred to his son, Salvatore Italiano, voting stock. The result of this stock transfer was that each Italiano owned 50% of the voting stock of ANTHONY DISTRIBUTORS, INC., (ADI) and ANTHONY DISTRIBUTING COMPANY INC. (ADC).

ny did not plead that defense in its' subsequently filed Second Amended Answer to Plaintiffs' Corrected Second Amended Complaint and Third Amended Counterclaim. (Docket No. 102) Therefore, there will be no discussion of that point in this order.

6. The sole purpose of the 1988 stock transfer was to carry out estate planning for the father, Anthony Italiano.

7. On July 26, 1994, Plaintiffs brought this action.

8. This Court in response to Defendant's Motion to Dismiss the Amended Complaint (Docket No. 10) issued an order, dated April 4, 1995, dismissing Count VI of Amended Complaint, with leave to amend. (Docket No. 57)

9. This Court granted the dismissal because retroactive application of the statute would violate the Florida Constitution. Fla. Const. art. I, § 10 (prohibiting impairment of contracts). However, Plaintiffs argued that there was a material alternation to the agreements which would, in essence, create new agreements between the parties. Plaintiffs were given leave to amend their complaint to include allegations of post-statute modification.

10. Plaintiffs' in their Corrected Second Amended Complaint allege that the November 1988 stock transfer was a material post-statute alteration. (Docket No. 85)

### DISCUSSION and ANALYSIS

This Court will consider whether Florida Statute § 563.022 can be applied retroactively to the distributor agreements.

Plaintiffs' position is that the November 1988 stock transfers were a material post-statute modification; in essence that a new contract, which would be subject to Florida Statue § 563.022, was created. In support of this position, Plaintiffs rely on *Northwest Lincoln–Mercury v. Lincoln–Mercury Division Ford Motor Co.*, 158 Ill.App.3d 609, 110 Ill.Dec. 633, 511 N.E.2d 810 (1987) and *Yamaha of Downers Grove, Inc. v. American Suzuki Motor Corp.*, 1993 WL 47868, 1993 U.S.Dist. Lexis 1910 (February 1993). Reliance on both cases is misplaced for the following reasons. First, both cases deal with the Illinois Motor Vehicle Franchise Act and interpret Illinois law, not Florida. Second, neither case is binding on this Court; *North-*

*west Lincoln–Mercury* is an Illinois State Court and, *Yamaha of Downers Grove, Inc.* is an unpublished, and therefore non-binding memorandum opinion. Third, and most important, the Eleventh Circuit Court of Appeals has already ruled on the issue of post-statue modifications under Florida law in *Gulfside Distributors, Inc. v. Becco, Ltd.*, 985 F.2d 513 (11th Cir.1993).

In *Gulfside*, a beer importer, Old Dribeck, sold its business to the beer manufacturer, Beck's–Germany. *Id.* at 514. Subsequent to the sale of the business but prior to the June 1987 enactment of Florida Statue § 563.022, Old Dribeck made a distribution agreement with Gulfside Distributors (Gulfside). On January 2, 1989, after Beck's–Germany had taken over Old Dribeck through a subsidiary, Becco, Ltd. (Becco), Beck's–Germany terminated the distribution agreement with Gulfside. *Id.* at 514. On December 28, 1989, Gulfside filed suit against Becco claiming violation of Florida Statute § 563.022. *Id.* at 514. The Eleventh Circuit held that to apply Florida Statute § 563.022, to the original distribution agreement between Old Dribeck and Gulfside would violate Article 1 § 10 of the Florida Constitution. *Id.* at 515. (providing that "[n]o ... Law impairing the obligation of contracts shall be passed." Fla. Const. art. I § 10) Further, the Eleventh Circuit held that Gulfside's argument that a "new contract", made in legal contemplation of the then-existing law, was created when Becco purchased Old Dribeck's assets, was without merit.

*Gulfside* is directly on point. This Court, in the April 4, 1995, order dismissing count VI with leave to amend (Docket No. 57), held that Florida Statute § 563.022 can not be retroactively applied to the original agreement between Plaintiffs and Defendant. Therefore, the sole issue is whether the November 1988, stock transfers constituted a material modification of the distributor agreements, subjecting them to the provisions of the statute. This Court answers that question in the negative.

In *Gulfside*, the Eleventh Circuit found that a complete transfer of the duties and obligations of one of the parties to a third party was not enough to retroactively apply

Florida Statute § 563.022. In the case at bar this Court is dealing with a mere stock transfer between the stock owners of the Plaintiffs, without ever bringing in a third party. The transfers involved in this case are substantially less significant than the transfer that was at issue in *Gulfside*. Clearly, Florida Statute § 563.022 can not be retroactively applied to the agreements based upon the stock transfers and the precedent established by *Gulfside*. Miller, prior to the enactment of Florida Statute § 563.022, included in the distributor agreements an option to approve all control changes in Plaintiffs business. The fact that Miller exercised that option, upon request of Plaintiffs, does not mean that a new agreement, now subject to a law not in existence at the time of the agreement, was formed.

*CONCLUSION*

For the reasons set forth above this Court finds that Plaintiffs' Motion for Partial Summary Judgment cannot be granted as Florida Statute § 563.022, cannot be retroactively applied to the distribution agreements between the parties. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment as to Count VI of the Corrected Second Amended Complaint (Docket No. 93), be **DENIED;** Defendant's Cross–Motion for Partial Summary Judgment as to Count VI of the Corrected Second Amended Complaint (Docket No. 103), be **GRANTED;** Count VI, Violation of Statutory Duty, of the Corrected Second Amended Complaint (Docket No. 85), be **DISMISSED** with a prejudice.

**DONE AND ORDERED.**